UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ERNEST DAVIS, LISA COPELAND, RAYMOND
COPELAND JR.,RAY COPELAND SR., KOHAIN NATANY
A HALEVI,THOMAS L. TERRY, ELVIRA CASTILLO,
BARBARA PERRY, DOROTHY EDNA BRINGER,
VALERIE CAMPBELL, OSCAR DAVIS JR., MARLENE      **MEMORANDUM**
PIEROT, ANGELO SQUITIERI, MARIA ELLIS, DAVIS    **OF LAW**
WILLIAMS, DARYL SELSY,

                                                                                                 **CV No.: 07-9897**

                                                        Plaintiffs,


                 -against-

MICHAEL J. GARCIA, UNITED STATES ATTORNEY FOR THE
SOUTHERN DISTRICT, UNITED STATES JUSTICE DEPARTMENT,
FEDERAL BUREAU OF INVESTIGATION, UNITED STATES
ATTORNEY'S OFFICE, UNITED STATES ATTORNEYS
OFFICE OF THE SOUTHERN DISTRICT OF NEW YORK,
NEW YORK STATE BOARD OF ELECTIONS,
WESTCHESTER COUNTY BOARD OF ELECTIONS,
CLINTON YOUNG, JANET SNYDER, JOHN
DOE FEDERAL BUREAU OF INVESTIGATION AGENTS
1-10,


                                                        Defendants.
------------------------------------------------------------------------X



# PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF AN APPLICATION FOR A PRELIMINARY INJUNCTION

Preliminary Statement

Plaintiffs seek to enjoin the defendants from certifying, validating and implementing the results of the November 6, 2007 Mount Vernon, New York, Mayoral election results because defendants violated Section 2 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973 ("Section 2"). Defendants actions in conducting a highly publicized and visible unwarranted raid on the African American incumbent candidates' offices within approximately three weeks of the aforesaid election unlawfully diluted, denied, discouraged and intimidated Mount Vernon African American registered voters.

Plaintiffs' are substantially likely to succeed on its claim that under the totality of circumstances, defendants' action discriminated against Mount Vernon African American voters. Section 2 prohibits the implementation of "any standard, practice, or procedure" which "results in a denial or abridgement of the right of any citizen of the United States to vote on account of race or color" or membership in a language minority group. Id. § 1973(a).

Plaintiffs' Complaint alleges that the aforesaid action of defendants' violates Section 2 of the Voting Rights Act because it dilutes the votes of Mount Vernon African American citizens. Plaintiffs can show that Mount Vernon African American citizens were in sufficiently large numbers intimidated from participating in the general election because of the highly publicized media reports of the unwarranted pre election raid. In the context of a history of official discrimination against African Americans, racially denying voter participation, the reckless avail of negative attention grabbing tactics that enhance voter suppression and dilution violates the Voting Rights Act.

Without a preliminary injunction enjoining defendants from installing I n office defendant Young African American voters will be irreparably harmed, and denied an equal voice in the government of their community. Failure to enter a preliminary injunction would also irreparably harm the government's interest in ensuring fair elections. These substantial interests outweigh whatever interest defendants might have in proceeding under circumstances contrary to federal law.

**Statement of Facts**

On May 12, 2006 defendant U.S Attorney's Office issued a press release announcing that they would begin investigation certain political office holders in the New York area for supposed corruption activities. (Ex. D) Almost a year and a half later, on October 11, 2007, and approximately three weeks prior to the November 6, 2007 general election, agents for defendant FBI, under the guise of investigating alleged improprieties in city trash-hauling contracts, engaged in a highly publicized raid of African American incumbent Mayor Ernie Davis' City Hall offices in Mount Vernon, New York.

The FBI, under the direction of defendant U. S. Attorney's Office, stormed into the hall offices and rifled through file cabinets and other receptacles. They proceeded to remove several boxes of items purportedly confiscated in the raid in view of television news cameras of media outlets who were notified by defendants.

Even though defendants had ample time prior to the election to carry out such an investigation they chose to wait until three weeks before it . Defendants knew that such

action occurring on a date in close proximity to the November 6, 2007 general election in which the incumbent African American was a candidate for reelection would intimidate and dissuade voters from supporting the his candidacy. Such action by defendant Department of Justice is contrary to their expressed policy. ( Ex. E) A significant number of African American voters were in fact intimated and dissuade from exercising their right of franchise. Consequently, the African American vote in said election was suppressed and inhibited.

     Defendants knew that such a raid on city hall offices would attract significant media coverage and the attention of the public and would intimidate, unduly influence and dissuade voters from supporting the candidacy of the incumbent. There were no emergency or exigent circumstances supporting defendants' decision to raid Mayor Davis' offices only three weeks preceding the aforesaid election.

.    The aforesaid action by defendants was the result of a politically and racially motivated scheme to undermine the candidacy of an African American incumbent Mayor with a long record of service. More importantly, defendants sought to intimate, suppress, negate, dilute and otherwise unlawfully effect the right of franchise of plaintiffs and other African American voters. Defendants did not subject white public officials seeking election to public office to the to such specious ill-timed and unwarranted action nor did they subject white voters to such tactics that intimidated, suppressed, negated and diluted their votes  Defendants actions in fact caused the suppression of votes in the November 6, 2007 general election.

ARGUMENT

DEFENDANTS SHOULD BE ENJOINED FROM INSTALLING CLINTON YOUNG IN OFFICE OF MAYOR OF MOUNT VERNON NEW YORK AND FROM CONDUCTING THE JANUARY 1, 2008 AUGURATION BECAUSE DEFENDANTS' SCHEDULING AND CARRYING OUT OF A HIGHLY VISABLE AND UNWARRANTED RAID ON THE AFRICAN AMERICAN INCUMBENT'S OFFICES PRECEDING THE NOVEMBER 7, 2007 ELECTION VIOLATED SECTION 2 OF THE VOTING RIGHTS ACT OF 1965 AS WELL AS 42 U.S.C. SECTION 1983

A preliminary injunction may be issued when the party seeking the injunction establishes "irreparable harm absent injunctive relief, and either a likelihood of success on the merits, or a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping decidedly in plaintiff's favor." Louis Vuitton Malletier v. Dooney & Bourke, Inc., 454 F.3d 108, 113-14 (2d Cir. 2006) (citing Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc., 596 F.2d 70, 72 (2d Cir. 1979)). Seeking a preliminary injunction is particularly appropriate here, as the law requires that voting rights cases "be in every way expedited." 42 U.S.C. § 1971g.

A. Violation of the Right to Vote Constitutes Irreparable Harm

There is no question that violation of the right to vote constitutes irreparable harm. The "right to vote freely for the candidate of one's choice is of the essence of a democratic society, and any restrictions on that right strike at the heart of representative

government." Reynolds v.Sims, 377 U.S. 533, 555 (1964). Consequently, "[t]he deprivation or dilution of voting rights constitutes irreparable harm." Coleman v. Board of Educ. of the City of Mount Vernon, 990 F.Supp. 221, 226 (S.D.N.Y. 1997); see also Puerto Rican Legal Defense & Educ. Fund, Inc. v. City of New York, 769 F. Supp. 74, 79 (E.D.N.Y. 1991) ("[I]t is well-settled that the claimed deprivation of a constitutional right such as the right to a meaningful vote or to the full and effective participation in the political process is in and of itself irreparable harm."). To permit the January 1, 2008 Mayoral inauguration to proceed "in a manner that will violate the Voting Rights Act constitutes irreparable harm to voters." United States v. Berks County, 250 F. Supp. 2d 525, 540 (E.D. Pa. 2003) (granting preliminary injunction to prevent violations of sections 2, 4(e), and 208).

In any event, the plaintiffs need not demonstrate irreparable harm, because irreparable harm is presumed. "[W]here Congress has provided for Governmental Enforcement of a statute by way of an injunction, the courts have consistently held that irreparable harm need not be demonstrated." United States v. William Savran & Assoc., Inc., 755 F. Supp. 1165, 1179 (E.D.N.Y. 1991); see SEC v. Management Dynamics, Inc., 515 F.2d 801, 808-09 (2d Cir. 1975)(because SEC statute authorized injunctive relief, proof of irreparable injury is not required).

The Voting Rights Act specifically authorizes injunctive relief. See 42 U.S.C. § 1973j(d); BerksCounty, 277 F. Supp. 2d at 578 (finding that United States need not show irreparable injury because Section 2 of the Voting Rights Act authorized injunctive relief).

Accordingly, this Court should presume that both the voters and the plaintiffs

would suffer irreparable injury were this application denied.

## B. Plaintiffs Are Substantially Likely to Succeed on the Merits of its Claims that Defendants Action Violates Section 2 of the Voting Rights Act and 42 U.S.C. section 1983

. To issue preliminary injunctive relief, "a district court need not find that the evidence positively guarantees a final verdict" in favor of the movant. Levi Strauss & Co., 51 F.3d at 985. Plaintiffs need only demonstrate a likelihood of success on the merits. The right to vote is a "fundamental political right." Yick Wo v. Hopkins 118 U.S. 356, 370 (1886). This right is "denied by a debasement or dilution of the weight of a citizens vote just as effectively as by wholly prohibiting the free exercise of the franchise." Reynolds v. Sims, 377 U.S. 533, 554 (1964). As the Supreme Court in Reynolds noted, "The conception of political equality ... can mean only one thing - one-person, one-vote. The idea that every voter is equal to every other voter in his State, when he casts his ballot in favor of one of several competing candidates, underlies many of our decisions." Id. at 557-58 (internal citations omitted).

The aforementioned scheme to intimidate and discourage voters from participating at the polls is plainly impermissible under the Due Process and Equal Protection Clauses, as well as the Voting Rights Act of 1965. Voting is a fundamental right that cannot be subject to arbitrary or inconsistent treatment. See, e.g., Harper v. Virginia, 383 U.S. 663 (1966); Reynolds v. Sims, 379 U.S. 870 (1964)

.
## C. The Injuries to Plaintiffs are Irreparable and Cannot Be Made Whole by Money Damages.

. The plaintiffs would suffer the dilution/deprivation of their First Amendment

rights under the constitution of the United States of America and the Voting Rights Act for votes cast and not cast in the November 6, 2007 election for Mayor of Mount Vernon, New York  Moreover, the action of the defendants undermined the integrity of the November 6, 2007 election for mayor. Certainly, there are compelling reasons to address complaints of disenfranchisement immediately, and with the utmost gravity:

The United States has a long and well-documented history of discrimination against African American voters.  When all of the foregoing are taken together, the allegations of collusion, exclusion and intimidation, specious criminal investigations and investigative reports in the press have thus far uncovered show a clear pattern of disenfranchisement of large numbers of African American voters in Mount Vernon.

D. The Balance of Hardships Favors Plaintiffs.

The balance of hardships also favors granting the requested relief. For the reasons stated, the plaintiffs will suffer irreparable injury if the defendants are permitted to proceed with the January 1, 2008 inauguration predicated upon an unconstitutionally tainted election. A temporary restraining order will merely preserve the status quo until the Court can determine the constitutionality of the defendants' actions. If, as we allege, the defendants specious investigative scheme is unconstitutional, they cannot be harmed by the avoidance of this constitutional injury. See Coalition for Economic Equity v. Wilson, 122 F.3d 692 (9th Cir.), cert. denied, 522 U.S. 963 (1997).

E. The Public Interest Will Be Served by Granting the Requested Relief

      Plaintiffs seek a temporary restraining order to prevent defendant from taking the final fatal step in a course of action that is violative of 42 U.S.C. § 1983 as well as the Voting Rights Act of 1965. The fundamental purpose of Section 1983 is to protect the

civil rights of the citizens of the United States. Mitchum v. Foster, 407 U.S. 225, 243 (1972); Owen v. City of Independence, 445 U.S. 622, 636 (1980). Accordingly, the federal courts have been authorized by Congress to effectuate this fundamental purpose by awarding injunctive relief against violations of Section 1983 and the Voting Rights Act. This Court's grant of a temporary restraining order against defendants would thus be consistent with and further the public interest in enforcing the federal civil rights laws.

F. Adequate Notice Has Been Given.

The specific facts set forth in the Plaintiffs' verified pleadings show that the Plaintiffs will suffer immediate and irreparable injury if the January 1, 2008 inauguration for the office of Mayor of Mount Vernon, New York is allowed to occur. In an abundance of caution, undersigned counsel has attempted to give both telephone and written notice (by facsimile) to the defendants. In the event the defendants or their attorneys cannot be heard in opposition at the emergency hearing on the Plaintiffs' Motion for Temporary Restraining Order, then, for the reasons set forth above, this Court should enter a temporary restraining order without notice. Rule 65(b) provides that a temporary restraining order may be granted under these circumstances without written or oral notice to the adverse party or that party's attorney.

CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court, pursuant to Rule 65, issue a temporary restraining order or, in the alternative, a preliminary injunction prohibiting and enjoining defendants from proceeding with the Mount Vernon, New York Mayoral inauguration scheduled for January 1, 2007 and from installing defendant Clinton Young into the office of mayor of Mount Vernon, New York.

Dated: New York, New York

    February 5, 2008

Respectfully submitted,

Stephen C. Jackson
Attorney for Plaintiffs
350 Fifth Avenue, Suite 310
New York, New York 10118

(212) 643-2394

By:-------------------------------------—-
    Stephen C. Jackson

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X
ERNEST DAVIS, LISA COPELAND, RAYMOND
COPELAND JR.,RAY COPELAND SR., KOHAIN NATANY
A HALEVI,THOMAS L. TERRY, ELVIRA CASTILLO,
BARBARA PERRY, DOROTHY EDNA BRINGER,
VALERIE CAMPBELL, OSCAR DAVIS JR., MARLENE
PIEROT, ANGELO SQUITIERI, MARIA ELLIS, DAVIS
WILLIAMS, DARYL SELSY,

                                                                                                                 CV No.: 07-9897

                                                 Plaintiffs,


                -against-

MICHAEL J. GARCIA, UNITED STATES ATTORNEY FOR THE
SOUTHERN DISTRICTUNITED STATES JUSTICE DEPARTMENT,
FEDERAL BUREAU OF INVESTIGATION, UNITED STATES
ATTORNEY'S OFFICE, UNITED STATES ATTORNEYS
OFFICE OF THE SOUTHERN DISTRICT OF NEW YORK,
NEW YORK STATE BOARD OF ELECTIONS,
WESTCHESTER COUNTY BOARD OF ELECTIONS,
CLINTON YOUNG, JANET SNYDER, JOHN
DOE FEDERAL BUREAU OF INVESTIGATION AGENTS
1-10,

                                                 Defendants.
--------------------------------------------------------------------------X


## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF AN APPLICATION FOR A PRELIMINARY INJUNCTION


                                         **STEPHEN C. JACKSON**
                                         **Attorney for Plaintiff**
                                         **350 Fifth Avenue, Suite 2310**
                                         **New York, New York 10118**
                                         **(212) 643-2394**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ERNEST DAVIS, LISA COPELAND, RAYMOND
COPELAND JR.,RAY COPELAND SR., KOHAIN NATANY  **ORDER TO SHOW**
A HALEVI,THOMAS L. TERRY, ELVIRA CASTILLO,     **CAUSE FOR A**
BARBARA PERRY, DOROTHY EDNA BRINGER,           **PRELIMINARY**
VALERIE CAMPBELL, OSCAR DAVIS JR., MARLENE     **INJUNCTION**
PIEROT, ANGELO SQUITIERI, MARIA ELLIS, DAVIS
WILLIAMS, DARYL SELSY,

                                                                   **CV No.: 07-9897**

                                          Plaintiffs,


                 -against-

MICHAEL J. GARCIA, UNITED STATES ATTORNEY FOR THE
SOUTHERN DISTRICTUNITED STATES JUSTICE DEPARTMENT,
FEDERAL BUREAU OF INVESTIGATION, UNITED STATES
ATTORNEY'S OFFICE, UNITED STATES ATTORNEYS
OFFICE OF THE SOUTHERN DISTRICT OF NEW YORK,
NEW YORK STATE BOARD OF ELECTIONS,
WESTCHESTER COUNTY BOARD OF ELECTIONS,
CLINTON YOUNG, JANET SNYDER, JOHN
DOE FEDERAL BUREAU OF INVESTIGATION AGENTS
1-10,


                                          Defendants.
------------------------------------------------------------------------X

        **UPON THE ANNEXED AFFIRMATION OF** Stephen C. Jackson, Esq.,

dated December 28, 2007, the Memorandum of Law in Support of Plaintiffs' Motion for

a Preliminary Injunction, the Summons and Complaint, the Amended Complaint, the

Affidavits of Aggrieved Voters and the prior proceedings held herein, let the defendants

show cause before this court, on December 31, 2007 at the Federal Courthouse at 300

Quarropas Street in White Plains, New York, courtroom    , at     a.m./p.m or as

soon thereafter as this matter can be heard, why an order should not be entered pursuant toe Federal Rule of Civil Procedure 65 setting aside the results the general election held on November 6, 2007 in the Mount Vernon, New York Mayoral race and ordering that a new election be held on the grounds that defendants' pre election conduct, action, practice, and scheme set forth herein violated the Voting Rights Act of 1965 and 42 U.S.C. section 1983;

**IT IS FURTHER ORDERED** the defendants are stayed from enforcing, implementing, or carrying out such results of the November 6 2007 general election in the mayoral race in Mount Vernon, New York, including proceeding with the inauguration currently scheduled for January 1, 2007, pending a determination and hearing of this motion ;

**IT IS FURTHER ORDERED** that service of this order to show cause and the attached exhibits by way of personal service on the defendants on or before December , 2007 be deemed sufficient service.

Dated: New York, New York
         December 28, 2007


---------------------------------–
U.S.D.J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ERNEST DAVIS, LISA COPELAND, RAYMOND
COPELAND JR.,RAY COPELAND SR., KOHAIN NATANY      **AFFIRMATION**
A HALEVI,THOMAS L. TERRY, ELVIRA CASTILLO,
BARBARA PERRY, DOROTHY EDNA BRINGER,
VALERIE CAMPBELL, OSCAR DAVIS JR., MARLENE
PIEROT, ANGELO SQUITIERI, MARIA ELLIS, DAVIS
WILLIAMS, DARYL SELSY,
                                                  CV No.: 07-9897

                              Plaintiffs,


            -against-


MICHAEL J. GARCIA,  UNITED STATES ATTORNEY FOR
THE SECOND CURCUIT, UNITED STATES JUSTICE
DEPARTMENT, FEDERAL BUREAU OF INVESTIGATION,
UNITED STATES ATTORNEY'S OFFICE, UNITED STATES
ATTORNEYS OFFICE OF THE SOUTHERN DISTRICT OF
NEW YORK, NEW YORK STATE BOARD OF ELECTIONS,
WESTCHESTER COUNTY BOARD OF ELECTIONS,
CLINTON YOUNG, JANET SNYDER, JOHN
DOE FEDERAL BUREAU OF INVESTIGATION AGENTS
1-10,


                              Defendants.
------------------------------------------------------------------------X

**STEPHEN JACKSON**, an attorney admitted to practice law in this Court under penalty of perjury affirms the following:

1.   I am the attorney for the plaintiffs in the above captioned action and am fully familiar with the facts and circumstances heretofore had herein.

2.   I submit this affirmation in support of plaintiffs' motion for a preliminary injunction.

    3.   Annexed hereto as Exhibit A is the Summons and Complaint filed in this action.

    4.   Annexed here as Exhibit B is the Amended Complaint and Second Amended Complaint filed in this action. .

    5.   Annexed hereto as Exhibit C are affidavits of aggrieved voters in the November 6, 2007 general election for mayor in Mount Vernon, New York.

    6.   Annexed hereto as Exhibit D is a copy of a press release dated May 12 2006.

    7.   Annexed hereto as Exhibit E is a copy of a Department of Justice emails dated October 2004 regarding its policy not to attempt to influence the outcome of elections through investigations or prosecutions of elected officials prior to elections.

    8.   No prior application for the relief herein sought has been made other than indicated above.

    9.   Accordingly, I respectfully request that plaintiff's application for a preliminary injunction be granted.

Dated: New York New York

    December 28, 2007

---------------------------------—---------------

Stephen .Jackson, Esq.
 Attorney for Plaintiffs
350 Fifth Avenue, Suite 2310
New York, New York 10118
212-643-2394

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ERNEST DAVIS, LISA COPELAND, RAYMOND
COPELAND JR.,RAY COPELAND SR., KOHAIN NATANY      **ORDER TO SHOW**
A HALEVI,THOMAS L. TERRY, ELVIRA CASTILLO,         **CAUSE FOR A**
BARBARA PERRY, DOROTHY EDNA BRINGER,               **PRELIMINARY**
VALERIE CAMPBELL, OSCAR DAVIS JR., MARLENE         **INJUNCTION**
PIEROT, ANGELO SQUITIERI, MARIA ELLIS, DAVIS
WILLIAMS, DARYL SELSY,

                                                                                                    **CV No.: 07-9897**

                                                                                                Plaintiffs,


               -against-

MICHAEL J. GARCIA, UNITED STATES ATTORNEY FOR THE
SOUTHERN DISTRICTUNITED STATES JUSTICE DEPARTMENT,
FEDERAL BUREAU OF INVESTIGATION, UNITED STATES
ATTORNEY'S OFFICE, UNITED STATES ATTORNEYS
OFFICE OF THE SOUTHERN DISTRICT OF NEW YORK,
NEW YORK STATE BOARD OF ELECTIONS,
WESTCHESTER COUNTY BOARD OF ELECTIONS,
CLINTON YOUNG, JANET SNYDER, JOHN
DOE FEDERAL BUREAU OF INVESTIGATION AGENTS
1-10,


                                                                                               Defendants.
------------------------------------------------------------------------X


**Stephen C. Jackson, Esq.**

*Attorney for Plaintiffs*
*Empire State Building*
*350 Fifth Avenue, Suite 2310*
*New York, NY 10118*
*Telephone: (212) 643-2394*
*Facsimile: (212) 239-6900*