UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ERNEST DAVIS, LISA COPELAND, RAYMOND
COPELAND JR., RAY COPELAND SR., KOHAIN
NATANY A. HALEVI, THOMAS L. TERRY, ELIVIRA
CASTILLO, BARBARA PERRY, DOROTHY EDNA
BRINGER, VALERIE CAMPBELL, OSCAR DAVIS, JR.,
MARLENE PIEROT, ANGELO SQUITIERI, MARIA ELLIS,
DAVIS WILLIAMS, DARYL SELSY,                                **ANSWER**

                              Plaintiffs,                          07 Civ. 9897 (CLB)

         -against-

UNITED STATES JUSTICE DEPARTMENT, FEDERAL
BUREAU OF INVESTIGATION, UNITED STATES
ATTORNEYS OFFICE OF THE SOUTHERN DISTRICT
OF NEW YORK, NEW YORK STATE BOARD OF
ELECTIONS, CLINTON YOUNG, JANET SNYDER,
JOHN DOE FEDERAL BUREAU OF INVESTIGATION
AGENTS 1-10,

                              Defendants.
----------------------------------------------------------------x

      Defendants, Westchester County Board of Elections (hereinafter the "Board"), Carolee Sunderland, Commissioner, and Reginald LaFayette, Commissioner, constituting the Board (hereinafter collectively referred to as the "WCBOE"), by their statutory attorney Charlene M. Indelicato, Westchester County Attorney, Matthew I. Gallagher, Sr., Assistant County Attorney, of Counsel, as and for its Answer respectfully alleges:

## **JURISDICTION**

      1. Denies knowledge or information sufficient to form a belief as to the truth and/or accuracy of the allegations in paragraph 1 of the Amended Complaint except admits that Plaintiffs purport to proceed as set forth therein and respectfully refers this Honorable Court to the statutes cited therein as the best evidence of their content, intent,

and purport. To the extent that the allegations contained therein characterize the proceeding and/or constitute requests for relief and/or questions of law, the WCBOE makes no answer save to demand strict proof thereof, and respectfully refers all questions of law to this Honorable Court.

## PARTIES

2. Denies knowledge or information sufficient to form a belief as to the truth and/or accuracy of the allegations in paragraph 2 of the Amended Complaint except admits that WCBOE records indicate that ERNEST DAVIS was Mayor of the City of Mount Vernon, New York, and the Conservative Party and Independence Party designated candidate for the Office of Mayor of the City of Mount Vernon, in the General Election held on November 6, 2007.

3. Denies knowledge or information sufficient to form a belief as to the truth and/or accuracy of the allegations in paragraph 3 of the Amended Complaint except admits that the referenced Plaintiff's are registered voters of the City of Mount Vernon.

4. Denies knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations in paragraph 4 of the Amended Complaint except insofar as the allegations contained therein constitute questions of law to which the WCBOE makes no answer and respectfully refers all questions of law to this Honorable Court.

5. Denies knowledge or information sufficient to form a belief as to the truth and/or accuracy of the allegations in paragraph 5 of the Amended Complaint except insofar as the allegations contained therein constitute questions of law to which the WCBOE makes no answer and respectfully refers all questions of law to this Honorable Court.

6. Denies knowledge or information sufficient to form a belief as to the truth and/or accuracy of the allegations in paragraph 6 of the Amended Complaint insofar as the allegations contained therein constitute questions of law to which the WCBOE makes no answer and respectfully refers all questions of law to this Honorable Court.

7. Denies knowledge or information sufficient to form a belief as to the truth and/or accuracy of the allegations in paragraph 7 of the Amended Complaint except insofar as the allegations contained therein constitute questions of law to which the WCBOE makes no answer and respectfully refers all questions of law to this Honorable Court.

8. Admits the allegations in paragraph 8 of the Amended Complaint.

9. Admits the allegations in paragraph 9 of the Amended Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth and/or accuracy of the allegations in paragraph 10 of the Amended Complaint except insofar as the allegations contained therein constitute questions of law to which the WCBOE makes no answer and respectfully refers all questions of law to this Honorable Court.

## INTRODUCTION

11. Denies knowledge or information sufficient to form a belief as to the truth and/or accuracy of the allegations in paragraph 11 of the Amended Complaint, and respectfully refers this Honorable Court to the statutes cited therein as the best evidence of their content, intent, and purport. To the extent that the allegations contained therein characterize the proceeding and/or constitute requests for relief and/or questions of law,

the WCBOE makes no answer save to demand strict proof thereof, and respectfully refers all questions of law to this Honorable Court.

12. Denies the allegations in paragraph 12 of the Amended Complaint.

13. Denies the allegations in paragraph 13 of the Amended Complaint.

14. Denies the allegations in paragraph 14 of the Amended Complaint.

15. Denies the allegations in paragraph 15 of the Amended Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth and/or accuracy of the allegations in paragraph 16 of the Amended Complaint. To the extent that the allegations contained therein characterize the proceeding and/or constitute requests for relief and/or questions of law, the WCBOE makes no answer save to demand strict proof thereof, and respectfully refers all questions of law to this Honorable Court.

## FACTUAL ALLEGATIONS

17. Denies knowledge or information sufficient to form a belief as to the truth and/or accuracy of the allegations in paragraph 17 of the Amended Complaint.

18. Denies the allegations in paragraph 18 of the Amended Complaint.

19. Denies the allegations in paragraph 19 of the Amended Complaint.

20. Denies the allegations in paragraph 20 of the Amended Complaint.

21. Denies the allegations in paragraph 21 of the Amended Complaint.

22. Denies the allegations in paragraph 22 of the Amended Complaint.

23. Denies the allegations in paragraph 23 of the Amended Complaint.

24. Denies the allegations in paragraph 24 of the Amended Complaint.

25. Denies the allegations in paragraph 25 of the Amended Complaint.

26. Denies the allegations in paragraph 26 of the Amended Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth and/or accuracy of the allegations in paragraph 27 of the Amended Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth and/or accuracy of the allegations in paragraph 28 of the Amended Complaint.

29. Denies the allegations in paragraph 29 of the Amended Complaint.

30. Denies the allegations in paragraph 30 of the Amended Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth and/or accuracy of the allegations in paragraph 31 of the Amended Complaint. To the extent that the allegations contained therein characterize the proceeding and/or constitute requests for relief and/or questions of law, the WCBOE makes no answer save to demand strict proof thereof, and respectfully refers all questions of law to this Honorable Court.

32. Denies knowledge or information sufficient to form a belief as to the truth and/or accuracy of the allegations in paragraph 32 of the Amended Complaint. To the extent that the allegations contained therein characterize the proceeding and/or constitute requests for relief and/or questions of law, the WCBOE makes no answer save to demand strict proof thereof, and respectfully refers all questions of law to this Honorable Court.

33. Denies the allegations in paragraph 33 of the Amended Complaint.

34. Denies the allegations in paragraph 34 of the Amended Complaint.

35. Denies the allegations in paragraph 35 of the Amended Complaint.

## IN ANSWER TO THE FIRST CAUSE OF ACTION

36. The WCBOE repeats and reiterates each and every response to the allegations contained in paragraphs 1 through 35 of the foregoing Answer as if fully set forth herein in response to the allegations contained in paragraph 36 of the Amended Complaint.

37. Denies the allegations in paragraph 37 of the Amended Complaint.

38. Denies the allegations in paragraph 38 of the Amended Complaint.

39. Denies the allegations in paragraph 39 of the Amended Complaint.

## IN ANSWER TO THE SECOND CAUSE OF ACTION

40. The WCBOE repeats and reiterates each and every response to the allegations contained in paragraphs 1 through 39 of the foregoing Answer as if fully set forth herein in response to the allegations contained in paragraph 40 of the Amended Complaint.

41. Denies the allegations in paragraph 41 of the Amended Complaint.

42. Denies the allegations in paragraph 42 of the Amended Complaint.

43. Denies the allegations in paragraph 43 of the Amended Complaint.

44. Denies the allegations in paragraph 44 of the Amended Complaint.

45. Denies the allegations in paragraph 45 of the Amended Complaint.

## IN ANSWER TO THE THIRD CAUSE OF ACTION

46. The WCBOE repeats and reiterates each and every response to the allegations contained in paragraphs 1 through 45 of the foregoing Answer as if fully set forth herein in response to the allegations contained in paragraph 46 of the Amended Complaint.

47. Denies the allegations in paragraph 47 of the Amended Complaint.

48. Denies the allegations in paragraph 48 of the Amended Complaint.

49. Denies the allegations in paragraph 49 of the Amended Complaint.

## IN ANSWER TO THE FOURTH CAUSE OF ACTION

50. The WCBOE repeats and reiterates each and every response to the allegations contained in paragraphs 1 through 49 of the foregoing Answer as if fully set forth herein in response to the allegations contained in paragraph 50 of the Amended Complaint.

51. Denies the allegations in paragraph 51 of the Amended Complaint.

52. Denies the allegations in paragraph 52 of the Amended Complaint.

53. Denies the allegations in paragraph 53 of the Amended Complaint.

54. Denies the allegations in paragraph 54 of the Amended Complaint.

### IN ANSWER TO THE FIFTH CAUSE OF ACTION

55. The WCBOE repeats and reiterates each and every response to the allegations contained in paragraphs 1 through 54 of the foregoing Answer as if fully set forth herein in response to the allegations contained in paragraph 55 of the Amended Complaint.

56. Denies the allegations in paragraph 56 of the Amended Complaint.

57. Denies the allegations in paragraph 57 of the Amended Complaint.

58. Denies the allegations in paragraph 58 of the Amended Complaint.

### IN ANSWER TO THE SIXTH CAUSE OF ACTION

59. The WCBOE repeats and reiterates each and every response to the allegations contained in paragraphs 1 through 58 of the foregoing Answer as if fully set forth herein in response to the allegations contained in first paragraph identified as "59" of the Amended Complaint.

60. Denies the allegations in second paragraph identified as "59" of the Amended Complaint.

61. Denies the allegations in paragraph 60 of the Amended Complaint.

### IN ANSWER TO THE SEVENTH CAUSE OF ACTION

62. The WCBOE repeats and reiterates each and every response to the allegations contained in paragraphs 1 through 61 of the foregoing Answer as if fully set forth herein in response to the allegations contained in paragraph 61 of the Amended Complaint.

63. Denies the allegations in paragraph 62 of the Amended Complaint.

64. Denies the allegations in paragraph 63 of the Amended Complaint.

## AS AND FOR A FIRST DEFENSE

65. The WCBOE repeats and reiterates each and every allegations contained in paragraphs 1 through 64 of the foregoing Answer as if fully set forth herein.

66. Plaintiffs fail to state any cause of action as against the WCBOE.

WHEREFORE, the WCBOE respectfully requests a judgment dismissing the Amended Complaint as against it and for such other and further relief as may be just and proper.

Dated: White Plains, New York
February 22, 2008

CHARLENE M. INDELICATO
Westchester County Attorney
Attorney for the WCBOE

By: Matthew I. Gallagher (MG1546)
Sr. Assistant County Attorney
 of Counsel
600 Michaelian Office Building
148 Martine Avenue
White Plains, New York 10601
Tel: (914) 995-3588
Fax: (914) 995-3132