Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ERNEST DAVIS, LISA COPELAND, RAYMOND
COPELAND JR.,RAY COPELAND SR., KOHAIN NATANY      **JURY DEMANDED**
A HALEVI,THOMAS L. TERRY, ELVIRA CASTILLO,
BARBARA PERRY, DOROTHY EDNA BRINGER,              **AMENDED**
VALERIE CAMPBELL, OSCAR DAVIS JR., MARLENE        **COMPLAINT**
PIEROT, ANGELO SQUITIERI, MARIA ELLIS, DAVIS
WILLIAMS, DARYL SELSY,
                                                  CV No.: 07-9897

                                    Plaintiffs,


                        -against-

UNITED STATES JUSTICE DEPARTMENT, FEDERAL
BUREAU OF INVESTIGATION, UNITED STATES
ATTORNEY'S OFFICE, UNITED STATES ATTORNEYS
OFFICE OF THE SOUTHERN DISTRICT OF NEW YORK,
NEW YORK STATE BOARD OF ELECTIONS,
WESTCHESTER COUNTY BOARD OF ELECTIONS,
CLINTON YOUNG, JANET SNYDER, JOHN
DOE FEDERAL BUREAU OF INVESTIGATION AGENTS
1-10,


                                    Defendants.
------------------------------------------------------------------------X

   Plaintiffs, by their attorney Stephen C. Jackson, Esq., as for their complaint

against the defendants respectfully sets forth as follows:

## JURISDICTION

1.   This action is brought pursuant to 42 U.S.C. 1973 to 1973aa-6( Voting Rights

Act of 1964) , 197. 142 U.S.C. §§1983, 1985 and 1988 and the First, Fourth, Fifth and

Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon

28 U.S.C. §§ 1331 and 1341 (3) and (4), and the aforementioned statutory and

constitutional provisions. Plaintiff further invokes the pendant jurisdiction of this court to hear and decide claims arising under New York State Law.

## PARTIES

2. Plaintiff, ERNEST DAVIS, (Hereinafter "Mayor") an African American, is at all times hereinafter relevant, the Mayor of the City of Mount Vernon, New York and the Conservative Party and Independence Party designated candidate for the office of mayor of the City of Mount Vernon, New York in a general election held on or about November 6, 2007.

3. Plaintiffs LISA COPELAND, RAYMOND COPELAND JR., RAY COPELAND SR., KOHAIN NATANYA HALEVI, THOMAS L. TERRY, ELVIRA CASTILLO, BARBARA PERRY, DOROTHY EDNA BRINGER, VALERIE CAMPBELL, OSCAR DAVIS JR., MARLENE PIEROT, ANGELO SQUITIERI, MARIA ELLIS, DAVIS WILLIAMS, and DARYL SELSY (Hereinafter "Voters") are duly registered voters in the City of Mount Vernon and the State of New York of African American or minority ancestry.

4. That defendant, THE UNITED STATES JUSTICE DEPARTMENT (hereinafter "JUSTICE DEPARTMENT"), is a governmental corporation duly organized and existing under and by virtue of the laws of the United States of America.

5. That defendant FEDERAL BUREAU OF INVESTIGATION ( Hereinafter "FBI"), is a governmental corporation duly organized and existing under and by virtue of the laws of the United States of America. Defendants JOHN DOE FEDERAL BUREAU OF INVESTIGATION 1-10 (Hereinafter "AGENTS") are employees of defendant FBI

6. That defendants UNITED STATES ATTORNEY'S OFFICE and UNITED

STATES ATTORNEYS OFFICE OF THE SOUTHERN DISTRICT OF NEW YORK (Hereinafter "ATTORNEYS") are governmental corporations duly organized and existing under and by virtue of the laws of the United States of America.

7. That defendants NEW YORK STATE BOARD OF ELECTIONS and WESTCHESTER COUNTY BOARD OF ELECTIONS (Hereinafter "BOARD") are municipal corporations duly organized and existing under and by virtue of the laws of the State of New York.

8. That defendant CLINTON YOUNG (Hereinafter "YOUNG") was the Democratic Party designated candidate for the office of Mayor of the City of Mount Vernon, New York in the general election held on or about November 6, 2007.

9. That defendant JANET SNYDER (Hereinafter "SNYDER") was the Republican Party designated candidate for the office of Mayor of the City of Mount Vernon, New York in a general election held on or about November 6, 2007.

10. That defendants FBI acted pursuant to the direction of defendants ATTORNEYS and JUSTICE DEPARTMENT in furtherance of the scope of their employment and acting under color of law.

## INTRODUCTION

11. This action is commenced by the plaintiff for injunctive relief, declaratory judgment and money damages against defendants for committing acts under color of law and depriving the plaintiffs of their rights secured by the Constitution and laws of the United States and the State of New York and violating 42 U.S.C. 1973 to 1973aa-6, 42 U.S.C. sec.1983 and 1985.

12. Plaintiffs allege that defendants violated, <u>inter alia</u>, plaintiffs' rights to franchise

and freedom of speech and assembly by purposefully and calculatedly timing, scheduling and carrying out a widely publicized politically and racially motivated "raid" on plaintiff MAYOR'S office on a date in close proximity to the general election held on November 6, 2007, defendants ATTORNEYS and JUSTICE DEPARTMENT'S expressed policy prohibiting such action notwithstanding .

13.     That upon information and belief plaintiffs allege that defendants conspired and colluded to dilute, negate, vitiate and otherwise unlawfully suppress plaintiffs' and other African American and minority votes in said general election.

14.     That plaintiffs allege upon information and belief that defendants conspired, colluded and schemed to unlawfully intimidate potential voters and supporters of plaintiff Mayor, all in violation of the Voting Right Act of 1965, 42 U.S.C. sections 1983 and 1985 and the laws of the United States and the State of New York.

15.     That plaintiffs allege upon information and belief that defendants' actions were predicated upon race.

16.     That plaintiffs pray for an order of judgment declaring the defendants' actions complained of herein to be violative of the Voting Rights Act of 1965 and other federal and state laws, an order enjoining defendants from subsequently engaging in such prohibited conduct, an order enjoining defendant BOARD from installing defendant YOUNG in office of the Mayor of the City of Mount Vernon, New York, an order nullifying the November 6, 2007 general election and directing the defendant BOARD to schedule a new election for the office of Mayor of the City of Mount Vernon, New York, and an order for monetary damages, costs and fees.

## **FACTUAL ALLEGATIONS**

17.     That on or about October 11, 2007, approximately three weeks prior to the November 6, 2007 general election, agents for defendant FBI, under the guise of investigating alleged improprieties in city trash-hauling contracts, engaged in a highly publicized raid of MAYOR'S City Hall offices in Mount Vernon, New York.

18.     That at the aforesaid time and place defendant FBI and AGENTS, under the direction of defendant ATTORNEYS, stormed into the MAYOR'S city hall offices and rifled through file cabinets and other receptacles.

19.     That defendants knew that such action occurring on a date in close proximity to the November 6, 2007 general election in which plaintiff MAYOR was a candidate for reelection would intimidate and dissuade voters from supporting the candidacy of plaintiff MAYOR.

20.     That defendant's knew that such a raid on MAYOR'S city hall offices would attract significant media coverage and the attention of the public and would intimidate, unduly influence and dissuade voters from supporting the candidacy of plaintiff MAYOR.

21.     That there was no justification or exigent circumstances supporting defendants decision to raid MAYOR'S only three weeks preceding the aforesaid election.

22.     That the aforesaid action by defendants in fact resulted in extensive media coverage and the attention of the public.

23.     That the aforesaid action by defendants was the result of a politically and racially motivated scheme to undermine the candidacy of plaintiff MAYOR.

24.     That defendants did not subject white public officials seeking election to public

office to the to such specious ill-timed and unwarranted action.

25. That in carrying out the aforesaid raid defendants sought to intimate, suppress, negate, dilute and otherwise unlawfully effect the right of franchise of plaintiff VOTERS, African American and minority voters.

26. That defendants did not subject white voters to such tactics that intimidated, suppressed, negated and diluted their votes..

27. That defendants FBI, ATTORNEYS and JUSTICE DEPARTMENT have engaged in a pattern, custom and course of conduct that historically and disproportionately targeted prominent African American public officials and public figures for removal from offices and/or positions, public humiliation, specious criminal investigations and/or unwarranted criminal prosecutions.

28. That defendants FBI, AGENTS, ATTORNEYS and JUSTICE DEPARTMENT did not subject white public officials to targeted schemes to remove from office, public humiliation or unwarranted criminal prosecutions or allegations of wrong doing immediately preceding an election.

29. That the aforesaid action of defendants constituted selective prosecution and selective deprivation of the right of franchise..

30. That the scheduling and timing of the defendants' unlawful raid on MAYOR'S office constituted prima facie evidence of defendants' political and discriminatory motivation.

31. That upon information and belief defendants YOUNG and SNYDER encouraged, facilitated, influenced, acquiesced and colluded with defendants ATTORNEYS, FBI, AGENTS and JUSTICE DEPARTMENT in the scheduling of the discriminatory and

selective raid on plaintiff MAYOR'S office.

32. That upon information and belief defendants YOUNG and SYNDER conspired and colluded with defendants FBI, AGENTS, ATTORNEYS, and JUSTICE DEPARTMENT to dilute, vitiate, negate and unlawfully suppress plaintiff VOTERS right of franchise as well as that of other African American and minority voters.

33. That the actions of the herein defendants actually caused the suppression of votes in the November 6, 2007 general election.

34. That the actions of the defendants impugned the reputation and credibility of plaintiff MAYOR and chased MAYOR'S core supporters from the polls on election day.

35. That the aforesaid action of the defendants herein constituted the furtherance of a pattern and practice of selective targeting and prosecution of prominent African American public officials and public figures.

## AND AS FOR A FIRST CAUSE OF ACTION

36. That plaintiffs, repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "35" of this complaint, with the same force and effect as is fully set forth herein.

37. That the defendants, without probable cause or any, reason to believe that plaintiff MAYOR was engaged in any criminal activity, set upon his offices, and commenced to conduct an unwarranted, discriminatory, racially and politically motivated raid of his offices.

38. That on October 11, 2007, defendants conspired to wrongfully, willfully, maliciously and without cause deprived plaintiffs of their right of franchise and subjected plaintiff MAYOR to an unlawful, unjustified, unwarranted, specious, politically and

racially motivated search and seizure, in violation of rights guaranteed First, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution and the Voting Rights Act of 1965, 42 U.S.C. sections 1983 and 1985.

39.     By reason of the foregoing, plaintiffs were deprived of certain inalienable rights guaranteed under the law and was otherwise damaged and injured in the sum of one hundred million dollars. ($100,000,000.00).

## AND AS FOR THE SECOND CAUSE OF ACTION

40.     That plaintiffs, repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "39" of this complaint, with the same force and effect as is fully set forth herein.

41.     During all times mentioned herein, the defendants and each of them separately and in concert, engaged in the illegal conduct herein mentioned, to the injury of plaintiffs, and deprived plaintiff of their rights, privileges and immunities secured to Plaintiff by the Constitution and laws of the United States and State of New York.

43.     Upon information and belief, said actions were carried our and condoned by the Defendant FBI, AGENTS, JUSTICE DEPARTMENT, and ATTORNEYS, its agents, servants and employees who were acting within the course or scope of their employment.

44.     That as a result of the aforesaid plaintiffs damages and injuries including, but not limited to violation of their civil rights and right of franchise and association, permanent damage to reputation and standing in the community and extreme mental and emotional harm and distress.

45.     By reason foregoing, plaintiff has been caused to suffer mental anguish and has been damaged in the sum of one hundred million dollars( $100,000.000.00.)

## AND AS FOR A THIRD CAUSE OF ACTION

46. That plaintiffs, repeat, reiterate and reallege each and every allegation contained in paragraphs "1": through "45" of this complaint, with the same force and effect as is fully set forth herein.

47. That defendants maliciously, unlawfully, wrongfully and without cause, denied plaintiff VOTERS the right of franchise and subjected plaintiff MAYOR to an unlawful search and seizure.

48. By reason of the above, plaintiffs has suffered great injury to their reputations. Defendants wrongly and discriminatorily exposed plaintiffs to public scandal and disgrace; caused plaintiffs to suffer great mental anguish and deprived plaintiffs of their Federal and State Constitutional Rights.

49. By reason of the foregoing, plaintiffs has been damaged in the sum of One hundred million dollars ($100,000,000.00.)

## AND AS FOR A FOURTH CAUSE OF ACTION

50. That plaintiffs, repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "49" of this complaint, with the same force and effect as is fully set forth herein.

51. Upon information and belief, defendants, actins were carried out and condoned by JUSTICE DEPARTMENT, FBI and the ATTORNEYS, its agents, servants and employees who were acting within the course or scope of their employment.

52. That defendants acted with malicious and malevolent intent to inflict harm upon plaintiffs.

53. By reason of the above, plaintiffs have suffered great injury to their reputation

and further exposed plaintiffs to public scandal and disgrace; caused plaintiffs to suffer great mental anguish and Deprived plaintiff of his Federal and State Constitutional Rights.

54. By reason of the foregoing. plaintiffs have been damaged in the sum of One hundred million dollars ($100,000,000,00.)

### AND AS FOR THE FIFTH CAUSE OF ACTION

55. That plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "54" of this complaint, with the same force and effect as if fully set forth herein.

56. That the aforementioned actions of the defendants constitutes the intentional infliction of emotional distress.

57. That the said acts of defendants were willful, wanton, malicious and oppressive and were motivated solely by a desire to harm plaintiffs without regard for plaintiffs' wellbeing.

58. That by reason of the foregoing plaintiffs have been damaged in the sum of one hundred million dollars ($100,000,000.00)

### AS FOR THE SIXTH CAUSE OF ACTION

59. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "58" of this complaint, with the same force and effect as if fully set forth herein.

59. That the aforesaid actions of the defendants herein constituted defamation of character, libel and slander of plaintiffs.

60. That by reason of the foregoing plaintiffs have been damaged in the sum of one

hundred million dollars( $100,000,000.00)

### AS FOR THE SEVENTH CAUSE OF ACTION

61. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "60" of this complaint, with the same force and effect as if fully set forth herein.

62. That the actions of the defendants herein warrant an order from the Court setting aside the general election results of November 6, 2007 in the Mount Vernon mayoralty election and directing the defendant BOARD to schedule new election for the office of Mayor of the City of Mount Vernon.

63. That by reason of the foregoing plaintiffs prayer for an order setting aside said election results and enjoining defendant BOARD from installing defendant YOUNG in the office of the Mayor of Mount Vernon, New York and ordering the scheduling of a new election for the office of Mayor of the City of Mount Vernon, New York.

**WHEREFORE**, the plaintiffs demand judgment against the defendant:

a) In the first cause of action in the sum of $100,000,000.00.

b) In the second cause of action in the sum of $100,000,000.00.

c) In the third cause of action in the sum of $100,000,000.00.

d) In the fourth cause of action in the sum of $100,000,000.00.

e) In the fifth cause of action in the sum of $100,000,000.00.

f) In the sixth cause of action in the sum of $100,000,000.00.

g) In the seventh cause of action an order and judgment enjoining the installation of defendant YOUNG in the office of Mayor of the City of Mount Vernon, New York and the scheduling of a new election for the office of Mayor of the City of Mount Vernon,

New York as well as for punitive damages where applicable, a jury trial and for such

other and further relief as this Court deems just, equitable and proper.

Dated: New York, New York
November 12, 2007

                                                Stephen C. Jackson
                                                Attorney for Plaintiff
                                                350 Fifth Avenue, Suite 310
                                                New York, New York 10118
                                                (212) 643-2394
                                                (347)594-4021

                                                By:-------------------------------------
                                                    Stephen C. Jackson (S.J. 1067)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
ERNEST DAVIS, LISA COPELAND, RAYMOND
COPELAND JR.,RAY COPELAND SR., KOHAIN NATANY
A HALEVI,THOMAS L. TERRY, ELVIRA CASTILLO,
BARBARA PERRY, DOROTHY EDNA BRINGER,
VALERIE CAMPBELL, OSCAR DAVIS JR., MARLENE
PIEROT, ANGELO SQUITIERI, MARIA ELLIS, DAVIS
WILLIAMS, DARYL SELSY,

**JURY DEMANDED**

**AMENDED COMPLAINT**

CV No.: 07-9897

Plaintiffs,

-against-

UNITED STATES JUSTICE DEPARTMENT, FEDERAL
BUREAU OF INVESTIGATION, UNITED STATES
ATTORNEY'S OFFICE, UNITED STATES ATTORNEYS
OFFICE OF THE SOUTHERN DISTRICT OF NEW YORK,
NEW YORK STATE BOARD OF ELECTIONS,
WESTCHESTER COUNTY BOARD OF ELECTIONS,
CLINTON YOUNG, JANET SNYDER, JOHN
DOE FEDERAL BUREAU OF INVESTIGATION AGENTS
1-10,

Defendants.
----------------------------------------------------------------------X

# AMENDED COMPLAINT

**STEPHEN C. JACKSON**
**Attorney for Plaintiff**
**350 Fifth Avenue, Suite 2310**
**New York, New York 10118**
**(212) 643-2394**
**(347) 594-4021**