Exhibit D

U. S. DISTRICT COURT
FILED
JAN - 3 2008
S. D. OF N.Y.     W.P.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _12/28/07_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

ERNEST DAVIS, LISA COPELAND, RAYMOND
COPELAND JR.,RAY COPELAND SR., KOHAIN NATANY
A HALEVI,THOMAS L. TERRY, ELVIRA CASTILLO,
BARBARA PERRY, DOROTHY EDNA BRINGER,
VALERIE CAMPBELL, OSCAR DAVIS JR., MARLENE
PIEROT, ANGELO SQUITIERI, MARIA ELLIS, DAVIS
WILLIAMS, DARYL SELSY,

ORDER TO SHOW
CAUSE FOR A
PRELIMINARY
INJUNCTION
~~AND T.R.O~~          *PKC*

CV No.: 07-9897 (CLB)

                                                    Plaintiffs,

                            -against-

UNITED STATES JUSTICE DEPARTMENT, FEDERAL
BUREAU OF INVESTIGATION, UNITED STATES
ATTORNEY'S OFFICE, UNITED STATES ATTORNEYS
OFFICE OF THE SOUTHERN DISTRICT OF NEW YORK,
NEW YORK STATE BOARD OF ELECTIONS,
WESTCHESTER COUNTY BOARD OF ELECTIONS,
CLINTON YOUNG, JANET SNYDER, JOHN
DOE FEDERAL BUREAU OF INVESTIGATION AGENTS
1-10,

                                                    Defendants.
---------------------------------------------------------------X

**UPON THE ANNEXED AFFIRMATION OF** Stephen C. Jackson, Esq.,

dated December 28, 2007, the Memorandum of Law in Support of Plaintiffs' Motion for

a Preliminary Injunction, the Summons and Complaint, the Amended Complaint,  the

Affidavits of Aggrieved Voters and the prior proceedings held herein,  let the defendants

show cause before this court, on ~~December 31, 2007~~ at the Federal Courthouse at 300

*on January 18, 2008 at 10:00am*

Quarropas Street in White Plains, New York, courtroom 218 , at ~~a.m./p.m~~ or as          *PKC*

                                                                                                          *02*

soon thereafter as this matter can be heard, why an order should not be entered  pursuant

DEC 2 - 2007

MICROFILM          JAN     MICROFILM SDNY WP

toe Federal Rule of Civil Procedure 65 setting aside the results the general election held

on November 6, 2007 in the Mount Vernon, New York Mayoral race and ordering that a

new election be held on the grounds that defendants' pre election conduct, action,

practice, and scheme set forth herein violated the Voting Rights Act of 1965 and 42

U.S.C. section 1983;

**IT IS FURTHER ORDERED** the defendants are stayed from enforcing,

implementing, or carrying out such results of the November 6 2007 general election in

the mayoral race in Mount Vernon, New York, including proceeding with the

inauguration currently scheduled for January 1, 2007, pending a determination and

hearing of this motion ;

**IT IS FURTHER ORDERED** that service of this order to show cause and the

attached exhibits by way of personal service on the defendants on or before ~~December~~ January 4

, 2007 be deemed sufficient service.

Dated: New York, New York
       December 28, 2007

So Ordered

_____

U.S.D.J        Part I

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
ERNEST DAVIS, LISA COPELAND, RAYMOND
COPELAND JR.,RAY COPELAND SR., KOHAIN NATANY          **AFFIRMATION**
A HALEVI,THOMAS L. TERRY, ELVIRA CASTILLO,
BARBARA PERRY, DOROTHY EDNA BRINGER,
VALERIE CAMPBELL, OSCAR DAVIS JR., MARLENE
PIEROT, ANGELO SQUITIERI, MARIA ELLIS, DAVIS
WILLIAMS, DARYL SELSY,

                                                      **CV No.: 07-9897**

                                 Plaintiffs,


                -against-


UNITED STATES JUSTICE DEPARTMENT, FEDERAL
BUREAU OF INVESTIGATION, UNITED STATES
ATTORNEY'S OFFICE, UNITED STATES ATTORNEYS
OFFICE OF THE SOUTHERN DISTRICT OF NEW YORK,
NEW YORK STATE BOARD OF ELECTIONS,
WESTCHESTER COUNTY BOARD OF ELECTIONS,
CLINTON YOUNG, JANET SNYDER, JOHN
DOE FEDERAL BUREAU OF INVESTIGATION AGENTS
1-10,


                                 Defendants.
---------------------------------------------------------------------------X

**STEPHEN JACKSON**, an attorney admitted to practice law in this Court under penalty
of perjury affirms the following:

　　　1.　　I am the attorney for the plaintiffs in the above captioned action and am fully

familiar with the facts and circumstances heretofore had herein.

　　　2.　　I submit this affirmation in support of plaintiffs' motion for a preliminary

injunction.

　　　3.　　Annexed hereto as Exhibit A is the Summons and Complaint filed in this

action.

4.     Annexed here as Exhibit B is the Amended Complaint filed in this action. .

5.     Annexed hereto as Exhibit C are affidavits of aggrieved voters in the November 6, 2007 general election for mayor in Mount Vernon, New York.

6.     Annexed hereto as Exhibit D is a copy of a press release dated May 12 2006.

7.     Annexed hereto as Exhibit E is a copy of a Department of Justice emails dated October 2004 regarding its policy not to attempt to influence the outcome of elections through investigations or prosecutions of elected officials prior to elections.

8.     No prior application for the relief herein sought has been made other than indicated above.

9.     Accordingly, I respectfully request that plaintiff's application for a preliminary injunction be granted.

Dated: New York New York

December 28, 2007

-----------------------------------------------

Stephen .Jackson, Esq.
 Attorney for Plaintiffs
350 Fifth Avenue, Suite 2310
New York, New York 10118
212-643-2394

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
ERNEST DAVIS, LISA COPELAND, RAYMOND
COPELAND JR.,RAY COPELAND SR., KOHAIN NATANY
A HALEVI,THOMAS L. TERRY, ELVIRA CASTILLO,
BARBARA PERRY, DOROTHY EDNA BRINGER,
VALERIE CAMPBELL, OSCAR DAVIS JR., MARLENE
PIEROT, ANGELO SQUITIERI, MARIA ELLIS, DAVIS
WILLIAMS, DARYL SELSY,

**ORDER TO SHOW
CAUSE FOR A
PRELIMINARY
INJUNCTION**

**CV No.: 07-9897**

Plaintiffs,


-against-

UNITED STATES JUSTICE DEPARTMENT, FEDERAL
BUREAU OF INVESTIGATION, UNITED STATES
ATTORNEY'S OFFICE, UNITED STATES ATTORNEYS
OFFICE OF THE SOUTHERN DISTRICT OF NEW YORK,
NEW YORK STATE BOARD OF ELECTIONS,
WESTCHESTER COUNTY BOARD OF ELECTIONS,
CLINTON YOUNG, JANET SNYDER, JOHN
DOE FEDERAL BUREAU OF INVESTIGATION AGENTS
1-10,


Defendants.
-------------------------------------------------------------------------X



**Stephen C. Jackson, Esq.**

***Attorney for Plaintiffs***
***Empire State Building***
***350 Fifth Avenue, Suite 2310***
**New York, NY 10118**
**Telephone: (212) 643-2394**
**Facsimile: (212) 239-6900**

A

## *United States District Court*

_____ **SOUTHERN** _____ **DISTRICT OF** _____ **NEW YORK** _____

### SUMMONS IN A CIVIL ACTION

ERNEST DAVIS, LISA COPELAND, RAYMOND
COPELAND JR.,RAY COPELAND SR., KOHAIN NATANY
A HALEVI,THOMAS L. TERRY, ELVIRA CASTILLO,
BARBARA PERRY, DOROTHY EDNA BRINGER,
VALERIE CAMPBELL, OSCAR DAVIS JR., MARLENE
PIEROT, ANGELO SQUITIERI, MARIA ELLIS, DAVIS
WILLIAMS, DARYL SELSY,

Plaintiffs

V.

UNITED STATES JUSTICE DEPARTMENT, FEDERAL
BUREAU OF INVESTIGATION, UNITED STATES
ATTORNEY'S OFFICE, NEW YORK STATE BOARD OF
ELECTIONS, WESTCHESTER COUNTY BOARD OF
ELECTIONS,CLINTON YOUNG, JANET SNYDER,

Defendants.

# 07 CIV. 9897

## BRIEANT

CASE NUMBER:

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY
**STEPHEN C. JACKSON, ESQ.**
**Empire State Building**
**350 Fifth Avenue, Suite 2310**
**New York, New York 10118**
**(212) 643-2394**

an answer to the complaint which is herewith served upon you, within ___20___ days after service of this
summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint.

## J. MICHAEL McMAHON

NOV - 8 2007

CLERK                                                    DATE

_____

**BY DEPUTY CLERK**

JS 44C/SDNY
REV. 12/2005

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

PLAINTIFFS  *Ernest Davis et al*

DEFENDANTS  *United States Dept of Justice et al*

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
*Stephen Jackson NY NY 10118
(212) 643 11-2594*

ATTORNEYS (IF KNOWN)

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
*42 USC § 1973*

Has this or a similar case been previously filed in SDNY at any time? No [x] Yes? [ ]  Judge Previously Assigned

If yes, was this case  Vol.[ ]  Invol. [ ]  Dismissed. No [ ]  Yes [ ]  If yes, give date _____ & Case No. _____

*(PLACE AN [x] IN ONE BOX ONLY)*                    NATURE OF SUIT

### TORTS

**CONTRACT**
- [ ] 110 INSURANCE
- [ ] 120 MARINE
- [ ] 130 MILLER ACT
- [ ] 140 NEGOTIABLE INSTRUMENT
- [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- [ ] 151 MEDICARE ACT
- [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
- [ ] 153 RECOVERY OF OVERPAYMENT OF VETERANS BENEFITS
- [ ] 160 STOCKHOLDERS SUITS
- [ ] 190 OTHER CONTRACT
- [ ] 195 CONTRACT PRODUCT LIABILITY
- [ ] 196 FRANCHISE

**PERSONAL INJURY**
- [ ] 310 AIRPLANE
- [ ] 315 AIRPLANE PRODUCT LIABILITY
- [ ] 320 ASSAULT, LIBEL & SLANDER
- [ ] 330 FEDERAL EMPLOYERS' LIABILITY
- [ ] 340 MARINE
- [ ] 345 MARINE PRODUCT LIABILITY
- [ ] 350 MOTOR VEHICLE
- [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
- [ ] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**
- [ ] 362 PERSONAL INJURY - MED MALPRACTICE
- [ ] 365 PERSONAL INJURY PRODUCT LIABILITY
- [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
- [ ] 370 OTHER FRAUD
- [ ] 371 TRUTH IN LENDING
- [ ] 380 OTHER PERSONAL PROPERTY DAMAGE
- [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**FORFEITURE/PENALTY**
- [ ] 610 AGRICULTURE
- [ ] 620 FOOD & DRUG
- [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- [ ] 630 LIQUOR LAWS
- [ ] 640 RR & TRUCK
- [ ] 650 AIRLINE REGS
- [ ] 660 OCCUPATIONAL SAFETY/HEALTH
- [ ] 690 OTHER

**LABOR**
- [ ] 710 FAIR LABOR STANDARDS ACT
- [ ] 720 LABOR/MGMT RELATIONS
- [ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
- [ ] 740 RAILWAY LABOR ACT
- [ ] 790 OTHER LABOR LITIGATION
- [ ] 791 EMPL RET INC SECURITY ACT

**BANKRUPTCY**
- [ ] 422 APPEAL 28 USC 158
- [ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 COPYRIGHTS
- [ ] 830 PATENT
- [ ] 840 TRADEMARK

**SOCIAL SECURITY**
- [ ] 861 MIA (1395FF)
- [ ] 862 BLACK LUNG (923)
- [ ] 863 DIWC (405(g))
- [ ] 863 DIWW (405(g))
- [ ] 864 SSID TITLE XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 TAXES
- [ ] 871 IRS-THIRD PARTY 20 USC 7609

**OTHER STATUTES**
- [ ] 400 STATE REAPPORTIONMENT
- [ ] 410 ANTITRUST
- [ ] 430 BANKS & BANKING
- [ ] 450 COMMERCE/ICC RATES/ETC
- [ ] 460 DEPORTATION
- [ ] 470 RACKETEER INFLU-ENCED & CORRUPT ORGANIZATION ACT (RICO)
- [ ] 480 CONSUMER CREDIT
- [ ] 490 CABLE/SATELLITE TV
- [ ] 810 SELECTIVE SERVICE
- [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
- [ ] 875 CUSTOMER CHALLENGE 12 USC 3410
- [ ] 891 AGRICULTURE ACTS
- [ ] 892 ECONOMIC STABILIZATION ACT
- [ ] 893 ENVIRONMENTAL MATTERS
- [ ] 894 ENERGY ALLOCATION ACT
- [ ] 895 FREEDOM OF INFORMATION ACT
- [ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
- [ ] 950 CONSTITUTIONALITY OF STATE STATUTES
- [ ] 890 OTHER STATUTORY ACTIONS

### ACTIONS UNDER STATUTES

**REAL PROPERTY**
- [ ] 210 LAND CONDEMNATION
- [ ] 220 FORECLOSURE
- [ ] 230 RENT LEASE & EJECTMENT
- [ ] 240 TORTS TO LAND
- [ ] 245 TORT PRODUCT LIABILITY
- [ ] 290 ALL OTHER REAL PROPERTY

**CIVIL RIGHTS**
- [x] 441 VOTING
- [ ] 442 EMPLOYMENT
- [ ] 443 HOUSING ACCOMMODATIONS
- [ ] 444 WELFARE
- [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
- [ ] 446 AMERICANS WITH DISABILITIES -OTHER
- [ ] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**
- [ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
- [ ] 530 HABEAS CORPUS
- [ ] 535 DEATH PENALTY
- [ ] 540 MANDAMUS & OTHER
- [ ] 550 CIVIL RIGHTS
- [ ] 555 PRISON CONDITION

*Check if demanded in complaint:*

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ *600,000,000.* OTHER _____

*Check YES only if demanded in complaint*
JURY DEMAND: [ ] YES [ ] NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.? IF SO, STATE:

JUDGE _____ DOCKET NUMBER _____

NOTE:  Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

ERNEST DAVIS, LISA COPELAND, RAYMOND
COPELAND JR.,RAY COPELAND SR., KOHAIN NATANY              **JURY DEMANDED**
A HALEVI,THOMAS L. TERRY, ELVIRA CASTILLO,
BARBARA PERRY, DOROTHY EDNA BRINGER,
VALERIE CAMPBELL, OSCAR DAVIS JR., MARLENE
PIEROT, ANGELO SQUITIERI, MARIA ELLIS, DAVIS
WILLIAMS, DARYL SELSY,

                                                          **CV No.: 07-9897**

                        Plaintiff

                                                          **COMPLAINT**

                -against-

UNITED STATES JUSTICE DEPARTMENT, FEDERAL
BUREAU OF INVESTIGATION, UNITED STATES
ATTORNEY'S OFFICE, NEW YORK STATE BOARD OF
ELECTIONS, WESTCHESTER COUNTY BOARD OF
ELECTIONS,CLINTON YOUNG, JANET SNYDER,

                        Defendants.

-------------------------------------------------------------------------X

    Plaintiffs, by their attorney Stephen C. Jackson, Esq., as for their complaint

against the defendants respectfully sets forth as follows:

## JURISDICTION

1.    This action is brought pursuant to 42 U.S.C. 1973 to 1973aa-6( Voting Rights

Act of 1964) , 197. 142 U.S.C. §§1983, 1985 and 1988 and the First, Fourth, Fifth and

Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon

28 U.S.C. §§ 1331 and 1341 (3) and (4), and the aforementioned statutory and

constitutional provisions. Plaintiff further invokes the pendant jurisdiction of this court to

hear and decide claims arising under New York State Law.

## PARTIES

2.      Plaintiff, ERNEST DAVIS, (Hereinafter "Mayor") an African American, is at all

times hereinafter relevant, the Mayor of the City of Mount Vernon, New York and the

Conservative Party and Independence Party designated candidate for the office of mayor

of the City of Mount Vernon, New York in a general election held on or about November

6, 2007.

3.      Plaintiffs LISA COPELAND, RAYMOND COPELAND JR., RAY COPELAND

SR., KOHAIN NATANYA HALEVI,THOMAS L. TERRY, ELVIRA CASTILLO,

BARBARA PERRY,  DOROTHY EDNA BRINGER, VALERIE CAMPBELL,

OSCAR DAVIS JR., MARLENE PIEROT, ANGELO SQUITIERI, MARIA ELLIS,

DAVIS WILLIAMS, and DARYL SELSY (Hereinafter "Voters") are duly registered

voters in the City of Mount Vernon and the State of New York of African American or

minority ancestry.

4.      That defendant, THE UNITED STATES JUSTICE DEPARTMENT (hereinafter

"JUSTICE DEPARTMENT"),is a governmental corporation duly organized and existing

under and by virtue of the laws of the United States of America.

5.      That defendant FEDERAL BUREAU OF INVESTIGATION ( Hereinafter

"FBI"), is a governmental corporation duly organized and existing under and by virtue of

the laws of the United States of America.

6.      That defendant UNITED STATES ATTORNEY'S OFFICE(Hereinafter

"ATTORNEYS") is a governmental corporation duly organized and existing under and

by virtue of the laws of the United States of America.

7.    That defendants NEW YORK STATE BOARD OF ELECTIONS and

WESTCHESTER COUNTY BOARD OF ELECTIONS (Hereinafter "BOARD") is a

municipal corporation duly organized and existing under and by virtue of the laws of the

State of New York.

8.    That defendant CLINTON YOUNG (Hereinafter "YOUNG") was the Democratic

Party designated candidate for the office of Mayor of the City of Mount Vernon, New

York in the general election held on or about November 6, 2007.

9.    That defendant JANET SNYDER (Hereinafter "SNYDER") was the Republican

Party designated candidate for the office of Mayor of the City of Mount Vernon, New

York in a general election held on or about November 6, 2007.

10.    That defendants FBI acted pursuant to the direction of defendants ATTORNEYS

and JUSTICE DEPARTMENT in furtherance of the scope of their employment and

acting under color of law.

## INTRODUCTION

11.    This action is commenced by the plaintiff for injunctive relief, declaratory

judgment and money damages against defendants for committing acts under color of law

and depriving the plaintiffs of their rights secured by the Constitution and laws of the

United States and the State of New York.

12.    Plaintiffs allege that defendants violated, inter alia, plaintiffs' rights to franchise

and freedom of speech and assembly by purposefully and calculatedly timing, scheduling

and carrying out a widely publicized politically and racially motivated "raid" on plaintiff

MAYOR'S office on a date in close proximity to the general election held on November

6, 2007, defendants ATTORNEYS and JUSTICE DEPARTMENT'S expressed policy

prohibiting such action notwithstanding .

13.     Upon information and belief plaintiffs allege that defendants conspired and colluded to dilute, negate, vitiate and otherwise unlawfully suppress plaintiffs' and other African American and minority votes in said general election.

14.     Plaintiffs allege that upon information and belief that defendants conspired, colluded and schemed to unlawfully intimidate potential voters and supporters of plaintiff Mayor, all in violation of the Voting Right Act of 1965, 42 U.S.C. sections 1983 and 1985 and the laws of the United States and the State of New York.

15.     Plaintiffs allege upon information and belief that defendants' actions were predicated upon race.

16.     Plaintiffs prayer for an order of judgment declaring the defendants' actions complained of herein to be violative of the Voting Rights Act of 1965 and other federal and state laws, an order enjoining defendants from subsequently engaging in such prohibited conduct, an order enjoining defendant BOARD from installing defendant YOUNG in office of the Mayor of the City of Mount Vernon, New York, an order nullifying the November 6, 2007 general election and directing the defendant BOARD to schedule a new election for the office of Mayor of the City of Mount Vernon, New York, and an order for monetary damages, costs and fees.


## FACTUAL ALLEGATIONS


17.     That on or about October 11, 2007, approximately three weeks prior to the November 6, 2007 general election, agents for defendant FBI, under the guise of

investigating alleged improprieties in city trash-hauling contracts, engaged in a highly

publicized raid of MAYOR'S City Hall offices in Mount Vernon, New York.


18.    That at the aforesaid time and place defendant FBI, under the direction of

defendant ATTORNEYS, stormed into the MAYOR'S city hall offices and rifled

through file cabinets and other receptacles.

19.    That defendants knew that such action occurring on a date in close proximity to

the November 6, 2007 general election in which plaintiff MAYOR was a candidate for

reelection would intimidate and dissuade voters from supporting the candidacy of

plaintiff MAYOR.

20.    That defendant's knew that such a raid on MAYOR'S city hall offices would

attract significant media coverage and the attention of the public and would intimidate,

unduly influence and dissuade voters from supporting the candidacy of plaintiff MAYOR.

21.    That there was no justification or exigent circumstances supporting defendants

decision to raid MAYOR'S only three weeks preceding the aforesaid election.

22.    That the aforesaid action by defendants in fact resulted in extensive media

coverage and the attention of the public.

23.    That the aforesaid action by defendants was the result of a politically and racially

motivated scheme to undermine the candidacy of plaintiff MAYOR.

24.    That defendants did not subject white public officials seeking election to public

office to the to such specious ill-timed and unwarranted action.

25.    That in carrying out the aforesaid raid defendants sought to intimate, suppress,

negate, dilute and otherwise unlawfully effect the right of franchise of plaintiff VOTERS,

African American and minority voters.

26.     That defendants did not subject white voters to such tactics that intimidated, suppressed, negated and diluted their votes..

27.     That defendants FBI, ATTORNEYS and JUSTICE DEPARTMENT have engaged in a pattern and course of conduct that historically and disproportionately targeted prominent African American public officials and public figures for removal from offices and/or positions, public humiliation, specious criminal investigations and/or unwarranted criminal prosecutions.

28.     That defendants FBI, ATTORNEYS and JUSTICE DEPARTMENT did not subject white public officials to targeted schemes to remove from office, public humiliation or unwarranted criminal prosecutions or allegations of wrong doing immediately preceding an election.

29.     That the aforesaid action of defendants constituted selective prosecution and selective deprivation of the right of franchise..

30.     That the scheduling and timing of the defendants' unlawful raid on MAYOR'S office constituted prima facie evidence of defendants political and discriminatory motivation.

31.     That upon information and belief defendants YOUNG and SNYDER  encouraged, facilitated, influenced, acquiesced  and colluded with defendants ATTORNEYS, FBI, and JUSTICE DEPARTMENT in the scheduling of the discriminatory and selective raid on plaintiff MAYOR'S office.

32.     That upon information and belief defendants YOUNG and SYNDER conspired and colluded with defendants FBI, ATTORNEYS, and JUSTICE DEPARTMENT to

dilute, vitiate, negate and unlawfully suppress plaintiff VOTERS right of franchise as

well as that of other African American and minority voters.

33.    That the actions of the herein defendants actually caused the suppression of votes

in the November 6, 2007 general election.

34.    That the actions of the defendants impugned the reputation and credibility of

plaintiff MAYOR and chased MAYOR'S core supporters from the polls on election day.

35.    That the aforesaid action of the defendants herein constituted the furtherance of a

pattern and practice of selective targeting and prosecution of prominent African American

public officials and public figures.


## AND AS FOR A FIRST CAUSE OF ACTION

36.    That plaintiffs, repeat, reiterate and reallege each and every allegation contained

in paragraphs "1" through "35" of this complaint, with the same force and effect as is

fully set forth herein.

37.    That the defendants, without probable cause or any, reason to believe that plaintiff

MAYOR was engaged in any criminal activity, set upon his offices, and commenced to

conduct an unwarranted, discriminatory, racially and politically motivated raid of his

offices.

38.    That on October 11, 2007, defendants conspired to wrongfully, willfully,

maliciously and without cause deprived plaintiffs of their right of franchise and subjected

plaintiff MAYOR to an unlawful, unjustified, unwarranted, specious, politically and

racially motivated search and seizure, in violation of rights guaranteed First, Fourth,

Fifth, and Fourteenth Amendments of the United States Constitution and the Voting

Rights Act of 1965, 42 U.S.C. sections 1983 and 1985.

39.    By reason of the foregoing, plaintiffs were deprived of certain inalienable rights guaranteed under the law and was otherwise damaged and injured in the sum of one hundred million dollars. ($100,000,000.00).

## AND AS FOR THE SECOND CAUSE OF ACTION

40.    That plaintiffs, repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "39" of this complaint, with the same force and effect as is fully set forth herein.

41.    During all times mentioned herein, the defendants and each of them separately and in concert, engaged in the illegal conduct herein mentioned, to the injury of plaintiffs, and deprived plaintiff of their rights, privileges and immunities secured to Plaintiff by the Constitution and laws of the United States and  State of New York.

43.    Upon information and belief, said actions were carried our and condoned by the Defendant FBI, JUSTICE DEPARTMENT, and ATTORNEYS, its agents, servants and employees who were acting within the course or scope of their employment.

44.    That as a result of the aforesaid plaintiffs  damages and injuries including, but not limited to violation of their civil rights and right of franchise and association, permanent damage to reputation and standing in the community and extreme mental and emotional harm and distress.

45.    By reason foregoing, plaintiff has been caused to suffer mental anguish and has been damaged in the sum of one hundred million dollars( $100,000.000.00.)

## AND AS FOR A THIRD CAUSE OF ACTION

46.    That plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs "1": through "45" of this complaint, with the same force and effect as is fully set forth herein.

47.    That defendants maliciously, unlawfully, wrongfully and without cause, denied plaintiff VOTERS the right of franchise and subjected plaintiff MAYOR to an unlawful search and seizure.

48.    By reason of the above, plaintiffs has suffered great injury to their reputations. Defendants wrongly and discriminatorily exposed plaintiffs to public scandal and disgrace; caused plaintiffs to suffer great mental anguish and deprived plaintiffs of their Federal and State Constitutional Rights.

49.    By reason of the foregoing, plaintiffs has been damaged in the sum of One hundred million dollars ($100,000,000.00.)

## AND AS FOR A FOURTH CAUSE OF ACTION

50.    That plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "49" of this complaint, with the same force and effect as is fully set forth herein.

51.    Upon information and belief, defendants, actins were carried out and condoned by JUSTICE DEPARTMENT, FBI and the ATTORNEYS, its agents, servants and employees who were acting within the course or scope of their employment.

52.    That defendants acted with malicious and malevolent intent to inflict harm upon

Plaintiffs.

53.     By reason of the above, plaintiffs have suffered great injury to their reputation
and further exposed plaintiffs to public scandal and disgrace; caused plaintiffs to suffer
great mental anguish and Deprived plaintiff of his Federal and State Constitutional
Rights.

54.     By reason of the foregoing. plaintiff has been damaged in the sum of
One hundred million dollars ($100,000,000,00.)

### AND AS FOR THE FIFTH CAUSE OF ACTION

55.     That plaintiff repeats, reiterates and realleges each and every allegation contained
in paragraphs "1" through "54" of this complaint, with the same force and effect as if
fully set forth herein.

56.     That the aforementioned actions of the defendants constitutes the intentional
infliction of emotional distress.

57.     That the said acts of defendants were willful, wanton, malicious and oppressive
and were motivated solely by a desire to harm plaintiffs without regard for plaintiffs'
wellbeing.

58.     That by reason of the foregoing plaintiff has been damaged in the sum of one
hundred million dollars ($100,000,000.00)

### AS FOR THE SIXTH CAUSE OF ACTION

59.     Plaintiff repeats, reiterates and realleges each and every allegation contained in
paragraphs "1" through "58" of this complaint, with the same force and effect as if fully
set forth herein.

59.    That the aforesaid actions of the defendants herein constituted defamation of character, libel and slander of plaintiffs.

60.    That by reason of the foregoing plaintiffs have been damaged in the sum of one hundred million dollars( $100,000,000.00)

### AS FOR THE SEVENTH CAUSE OF ACTION

61.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "60" of this complaint, with the same force and effect as if fully set forth herein.

62.    That the actions of the defendants herein warrant an order from the Court setting aside the general election results of November 6, 2007 in the Mount Vernon mayoralty election and directing the defendant BOARD to schedule new election for the office of Mayor of the City of Mount Vernon.

63.    That by reason of the foregoing plaintiffs prayer for an order setting aside said election results and enjoining defendant BOARD from installing defendant YOUNG in the office of the Mayor of Mount Vernon, New York and ordering the scheduling of a new election for the office of Mayor of the City of Mount Vernon, New York.


WHEREFORE, the plaintiff demands judgment against the defendant:

a) In the first cause of action in the sum of $100,000,000.00.

b) In the second cause of action in the sum of $100,000,000.00.

c) In the third cause of action in the sum of $100,000,000.00.

d) In the fourth cause of action in the sum of $100,000,000.00.

e) In the fifth cause of action in the sum of $100,000,000.00.

f) In the sixth cause of action in the sum of $100,000,000.00.

G) In the seventh cause of action an order and judgment enjoining the installation of defendant YOUNG in the office of Mayor of the City of Mount Vernon, New York and the scheduling of a new election for the office of Mayor of the City of Mount Vernon, New York as well as for punitive damages where applicable, and for such other and further relief as this Court deems just, equitable and proper.

Dated: New York, New York
November 8, 2007

Stephen C. Jackson
Attorney for Plaintiff
350 Fifth Avenue, Suite 310
New York, New York 10118
(212) 643-2394
(347)594-4021

By:_____

Stephen C. Jackson (S.J. 1067)

B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
ERNEST DAVIS, LISA COPELAND, RAYMOND
COPELAND JR.,RAY COPELAND SR., KOHAIN NATANY
A HALEVI,THOMAS L. TERRY, ELVIRA CASTILLO,
BARBARA PERRY, DOROTHY EDNA BRINGER,
VALERIE CAMPBELL, OSCAR DAVIS JR., MARLENE
PIEROT, ANGELO SQUITIERI, MARIA ELLIS, DAVIS
WILLIAMS, DARYL SELSY,

**JURY DEMANDED**

**AMENDED
COMPLAINT**

**CV No.: 07-9897**

Plaintiffs,


-against-


UNITED STATES JUSTICE DEPARTMENT, FEDERAL
BUREAU OF INVESTIGATION, UNITED STATES
ATTORNEY'S OFFICE, UNITED STATES ATTORNEYS
OFFICE OF THE SOUTHERN DISTRICT OF NEW YORK,
NEW YORK STATE BOARD OF ELECTIONS,
WESTCHESTER COUNTY BOARD OF ELECTIONS,
CLINTON YOUNG, JANET SNYDER, JOHN
DOE FEDERAL BUREAU OF INVESTIGATION AGENTS
1-10,


Defendants.
-------------------------------------------------------------------------X

Plaintiffs, by their attorney Stephen C. Jackson, Esq., as for their  complaint

against the defendants respectfully sets forth as follows:

## **JURISDICTION**

1.      This action is brought pursuant to  42 U.S.C. 1973 to 1973aa-6( Voting Rights

Act of 1964) ,  197. 142 U.S.C. §§1983, 1985 and 1988 and the First, Fourth, Fifth and

Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon

28 U.S.C. §§ 1331 and 1341 (3) and (4), and the aforementioned statutory and

constitutional provisions. Plaintiff further invokes the pendant jurisdiction of this court to hear and decide claims arising under New York State Law.

## PARTIES

2.      Plaintiff, ERNEST DAVIS, (Hereinafter "Mayor") an African American, is at all times hereinafter relevant, the Mayor of the City of Mount Vernon, New York and the Conservative Party and Independence Party designated candidate for the office of mayor of the City of Mount Vernon, New York in a general election held on or about November 6, 2007.

3.      Plaintiffs LISA COPELAND, RAYMOND COPELAND JR., RAY COPELAND SR., KOHAIN NATANYA HALEVI,THOMAS L. TERRY, ELVIRA CASTILLO, BARBARA PERRY,  DOROTHY EDNA BRINGER, VALERIE CAMPBELL, OSCAR DAVIS JR., MARLENE PIEROT, ANGELO SQUITIERI, MARIA ELLIS, DAVIS WILLIAMS, and DARYL SELSY (Hereinafter "Voters") are duly registered voters in the City of Mount Vernon and the State of New York of African American or minority ancestry.

4.      That defendant, THE UNITED STATES JUSTICE DEPARTMENT (hereinafter "JUSTICE DEPARTMENT"),is a governmental corporation duly organized and existing under and by virtue of the laws of the United States of America.

5.      That defendant FEDERAL BUREAU OF INVESTIGATION ( Hereinafter "FBI"), is a governmental corporation duly organized and existing under and by virtue of the laws of the United States of America. Defendants JOHN DOE FEDERAL BUREAU OF INVESTIGATION 1-10 (Hereinafter "AGENTS") are employees of defendant FBI

6.      That defendants UNITED STATES ATTORNEY'S OFFICE and UNITED

STATES ATTORNEYS OFFICE OF THE SOUTHERN DISTRICT OF NEW YORK

(Hereinafter "ATTORNEYS") are governmental corporations duly organized and existing

under and by virtue of the laws of the United States of America.

7.       That defendants NEW YORK STATE BOARD OF ELECTIONS and

WESTCHESTER COUNTY BOARD OF ELECTIONS (Hereinafter "BOARD") are

municipal corporations duly organized and existing under and by virtue of the laws of the

State of New York.

8.       That defendant CLINTON YOUNG (Hereinafter "YOUNG") was the Democratic

Party designated candidate for the office of Mayor of the City of Mount Vernon, New

York in the general election held on or about November 6, 2007.

9.       That defendant JANET SNYDER (Hereinafter "SNYDER") was the Republican

Party designated candidate for the office of Mayor of the City of Mount Vernon, New

York in a general election held on or about November 6, 2007.

10.      That defendants FBI acted pursuant to the direction of defendants ATTORNEYS

and JUSTICE DEPARTMENT in furtherance of the scope of their employment and

acting under color of law.

## **INTRODUCTION**

11.      This action is commenced by the plaintiff for injunctive relief, declaratory

judgment and  money damages against defendants for committing acts under color of law

and depriving the plaintiffs of their rights secured by the Constitution and laws of the

United States and the State of New York and violating 42 U.S.C. 1973 to 1973aa-6, 42

U.S.C. sec.1983 and 1985.

12.      Plaintiffs allege that defendants violated, inter alia,  plaintiffs' rights to franchise

and freedom of speech and assembly by purposefully and calculatedly timing, scheduling and carrying out a widely publicized politically and racially motivated "raid" on plaintiff MAYOR'S office on a date in close proximity to the general election held on November 6, 2007, defendants ATTORNEYS and JUSTICE DEPARTMENT'S expressed policy prohibiting such action notwithstanding .

13.    That upon information and belief plaintiffs allege that defendants conspired and colluded to dilute, negate, vitiate and otherwise unlawfully suppress plaintiffs' and other African American and minority votes in said general election.

14.    That plaintiffs allege upon information and belief that defendants conspired, colluded and schemed to unlawfully intimidate potential voters and supporters of plaintiff Mayor, all in violation of the Voting Right Act of 1965, 42 U.S.C. sections 1983 and 1985 and the laws of the United States and the State of New York.

15.    That plaintiffs allege upon information and belief that defendants' actions were predicated upon race.

16.    That plaintiffs pray for an order of judgment declaring the defendants' actions complained of herein to be violative of the Voting Rights Act of 1965 and other federal and state laws, an order enjoining defendants from subsequently engaging in such prohibited conduct, an order enjoining defendant BOARD from installing defendant YOUNG in office of the Mayor of the City of Mount Vernon, New York, an order nullifying the November 6, 2007 general election and directing the defendant BOARD to schedule a new election for the office of Mayor of the City of Mount Vernon, New York, and an order for monetary damages, costs and fees.

## FACTUAL ALLEGATIONS

17.    That on or about October 11, 2007, approximately three weeks prior to the November 6, 2007 general election, agents for defendant FBI, under the guise of investigating alleged improprieties in city trash-hauling contracts, engaged in a highly publicized raid of MAYOR'S City Hall offices in Mount Vernon, New York.

18.    That at the aforesaid time and place defendant FBI and AGENTS, under the direction of defendant ATTORNEYS, stormed into the MAYOR'S city hall offices and rifled through file cabinets and other receptacles.

19.    That defendants knew that such action occurring on a date in close proximity to the November 6, 2007 general election in which plaintiff MAYOR was a candidate for reelection would intimidate and dissuade voters from supporting the candidacy of plaintiff MAYOR.

20.    That defendant's knew that such a raid on MAYOR'S city hall offices would attract significant media coverage and the attention of the public and would intimidate, unduly influence and dissuade voters from supporting the candidacy of plaintiff MAYOR.

21.    That there was no justification or exigent circumstances supporting defendants decision to raid MAYOR'S only three weeks preceding the aforesaid election.

22.    That the aforesaid action by defendants in fact resulted in extensive media coverage and the attention of the public.

23.    That the aforesaid action by defendants was the result of a politically and racially motivated scheme to undermine the candidacy of plaintiff MAYOR.

24.    That defendants did not subject white public officials seeking election to public

office to the to such specious ill-timed and unwarranted action.

25.    That in carrying out the aforesaid raid defendants sought to intimate, suppress,

negate, dilute and otherwise unlawfully effect the right of franchise of plaintiff VOTERS,

African American and minority voters.

26.    That defendants did not subject white voters to such tactics that intimidated,

suppressed, negated and diluted their votes..

27.    That defendants FBI, ATTORNEYS and JUSTICE DEPARTMENT have

engaged in a pattern, custom and course of conduct that historically and

disproportionately targeted prominent African American public officials and public

figures for removal from offices and/or positions, public humiliation, specious criminal

investigations and/or unwarranted criminal prosecutions.

28.    That defendants FBI, AGENTS, ATTORNEYS and JUSTICE DEPARTMENT

did not subject white public officials to targeted schemes to remove from office, public

humiliation or unwarranted criminal prosecutions or allegations of wrong doing

immediately preceding an election.

29.    That the aforesaid action of defendants constituted selective prosecution and

selective deprivation of the right of franchise..

30.    That the scheduling and timing of the defendants' unlawful raid on MAYOR'S

office constituted prima facie evidence of defendants' political and discriminatory

motivation.

31.    That upon information and belief defendants YOUNG and SNYDER  encouraged,

facilitated, influenced, acquiesced  and colluded with defendants ATTORNEYS, FBI,

AGENTS and JUSTICE DEPARTMENT in the scheduling of the discriminatory and

selective raid on plaintiff MAYOR'S office.

32.     That upon information and belief defendants YOUNG and SYNDER conspired and colluded with defendants FBI, AGENTS, ATTORNEYS, and JUSTICE DEPARTMENT to dilute, vitiate, negate and unlawfully suppress plaintiff VOTERS right of franchise as well as that of other African American and minority voters.

33.     That the actions of the herein defendants actually caused the suppression of votes in the November 6, 2007 general election.

34.     That the actions of the defendants impugned the reputation and credibility of plaintiff MAYOR and chased MAYOR'S core supporters from the polls on election day.

35.     That the aforesaid action of the defendants herein constituted the furtherance of a pattern and practice of selective targeting and prosecution of prominent African American public officials and public figures.

## AND AS FOR A FIRST CAUSE OF ACTION

36.     That plaintiffs, repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "35" of this complaint, with the same force and effect as is fully set forth herein.

37.     That the defendants, without probable cause or any, reason to believe that plaintiff MAYOR was engaged in any criminal activity, set upon his offices, and commenced to conduct an unwarranted, discriminatory, racially and politically motivated raid of his offices.

38.     That on October 11, 2007, defendants conspired to wrongfully, willfully, maliciously and without cause deprived plaintiffs of their right of franchise and subjected plaintiff MAYOR to an unlawful, unjustified, unwarranted, specious, politically and

racially motivated search and seizure, in violation of rights guaranteed First, Fourth,

Fifth, and Fourteenth Amendments of the United States Constitution and the Voting

Rights Act of 1965, 42 U.S.C. sections 1983 and 1985.

39.    By reason of the foregoing, plaintiffs were deprived of certain inalienable rights

guaranteed under the law and was otherwise damaged and injured in the sum of one

hundred million dollars. ($100,000,000.00).

## AND AS FOR THE SECOND CAUSE OF ACTION

40.    That plaintiffs, repeat, reiterate and reallege each and every allegation contained

in paragraphs "1" through "39" of this complaint, with the same force and effect as is

fully set forth herein.

41.    During all times mentioned herein, the defendants and each of them separately

and in concert, engaged in the illegal conduct herein mentioned, to the injury of plaintiffs,

and deprived plaintiff of their rights, privileges and immunities secured to Plaintiff by the

Constitution and laws of the United States and State of New York.

43.    Upon information and belief, said actions were carried our and condoned by the

Defendant FBI, AGENTS, JUSTICE DEPARTMENT, and ATTORNEYS, its agents,

servants and employees who were acting within the course or scope of their employment.

44.    That as a result of the aforesaid plaintiffs damages and injuries including, but not

limited to violation of their civil rights and right of franchise and association, permanent

damage to reputation and standing in the community and extreme mental and emotional

harm and distress.

45.    By reason foregoing, plaintiff has been caused to suffer mental anguish and has

been damaged in the sum of one hundred million dollars( $100,000.000.00.)

## AND AS FOR A THIRD CAUSE OF ACTION

46.     That plaintiffs, repeat, reiterate and reallege each and every allegation contained in paragraphs "1": through "45" of this complaint, with the same force and effect as is fully set forth herein.

47.     That defendants maliciously, unlawfully, wrongfully and without cause, denied plaintiff VOTERS the right of franchise and subjected plaintiff MAYOR to an unlawful search and seizure.

48.     By reason of the above, plaintiffs has suffered great injury to their reputations. Defendants wrongly and discriminatorily exposed plaintiffs to public scandal and disgrace; caused plaintiffs to suffer great mental anguish and deprived plaintiffs of their Federal and State Constitutional Rights.

49.     By reason of the foregoing, plaintiffs has been damaged in the sum of One hundred million dollars ($100,000,000.00.)

## AND AS FOR A FOURTH CAUSE OF ACTION

50.     That plaintiffs, repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "49" of this complaint, with the same force and effect as is fully set forth herein.

51.     Upon information and belief, defendants, actins were carried out and condoned by JUSTICE DEPARTMENT, FBI and the ATTORNEYS, its agents, servants and employees who were acting within the course or scope of their employment.

52.     That defendants acted with malicious and malevolent intent to inflict harm upon plaintiffs.

53.     By reason of the above, plaintiffs have suffered great injury to their reputation

and further exposed plaintiffs to public scandal and disgrace; caused plaintiffs to suffer great mental anguish and Deprived plaintiff of his Federal and State Constitutional Rights.

54.    By reason of the foregoing. plaintiffs have been damaged in the sum of One hundred million dollars ($100,000,000,00.)

### AND AS FOR THE FIFTH CAUSE OF ACTION

55.    That plaintiffs  repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "54" of this complaint, with the same force and effect as if fully set forth herein.

56.    That the aforementioned actions of the defendants constitutes the intentional infliction of emotional distress.

57.    That the said acts of defendants were willful, wanton, malicious and oppressive and were motivated solely by a desire to harm plaintiffs without regard for plaintiffs' wellbeing.

58.    That by reason of the foregoing plaintiffs have been damaged in the sum of one hundred million dollars ($100,000,000.00)

### AS FOR THE SIXTH CAUSE OF ACTION

59.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through  "58" of this complaint, with the same force and effect as if fully set forth herein.

59.    That the aforesaid actions of the defendants herein constituted defamation of character, libel and slander of plaintiffs.

60.    That  by reason of the foregoing plaintiffs have been damaged in the sum of one

hundred million dollars( $100,000,000.00)

### AS FOR THE SEVENTH CAUSE OF ACTION

61.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "60" of this complaint, with the same force and effect as if fully set forth herein.

62.     That the actions of the defendants herein warrant an order from the Court setting aside the general election results of November 6, 2007 in the Mount Vernon mayoralty election and directing the defendant BOARD to schedule new election for the office of Mayor of the City of Mount Vernon.

63.     That by reason of the foregoing plaintiffs prayer for an order setting aside said election results and enjoining defendant BOARD from installing defendant YOUNG in the office of the Mayor of Mount Vernon, New York and ordering the scheduling of a new election for the office of Mayor of the City of Mount Vernon, New York.

WHEREFORE, the plaintiffs demand judgment against the defendant:

a) In the first cause of action in the sum of $100,000,000.00.

b) In the second cause of action in the sum of $100,000,000.00.

c) In the third cause of action in the sum of $100,000,000.00.

d) In the fourth cause of action in the sum of $100,000,000.00.

e) In the fifth cause of action in the sum of $100,000,000.00.

f) In the sixth cause of action in the sum of $100,000,000.00.

g) In the seventh cause of action an order and judgment enjoining the installation of defendant YOUNG in the office of Mayor of the City of Mount Vernon, New York and the scheduling of a new election for the office of Mayor of the City of Mount Vernon,

New York as well as for punitive damages where applicable, a jury trial and for such

other and further relief as this Court deems just, equitable and proper.

Dated: New York, New York
November 12, 2007

> Stephen C. Jackson
> Attorney for Plaintiff
> 350 Fifth Avenue, Suite 310
> New York, New York 10118
> (212) 643-2394
> (347)594-4021
>
> By:_____
> Stephen C. Jackson (S.J. 1067)

C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ERNEST DAVIS, LISA COPELAND, RAYMOND          **AFFIDAVIT**
COPELAND JR.,RAY COPELAND SR., KOHAIN NATANY
A HALEVI,THOMAS L. TERRY, ELVIRA CASTILLO,
BARBARA PERRY, DOROTHY EDNA BRINGER,
VALERIE CAMPBELL, OSCAR DAVIS JR., MARLENE
PIEROT, ANGELO SQUITIERI, MARIA ELLIS, DAVIS
WILLIAMS, DARYL SELSY,                          **CV No.: 07-9897**

                                    Plaintiffs,

                    -against-

UNITED STATES JUSTICE DEPARTMENT, FEDERAL
BUREAU OF INVESTIGATION, UNITED STATES
ATTORNEY'S OFFICE, UNITED STATES ATTORNEYS
OFFICE OF THE SOUTHERN DISTRICT OF NEW YORK,
NEW YORK STATE BOARD OF ELECTIONS,
WESTCHESTER COUNTY BOARD OF ELECTIONS,
CLINTON YOUNG, JANET SNYDER, JOHN
DOE FEDERAL BUREAU OF INVESTIGATION AGENTS
1-10,

                                    Defendants.
------------------------------------------------------------X

_Gale Harris_____, being duly sworn avers under penalty of perjury as

follows:

1.      I am a resident of Mount Vernon, New York. My address is _428 South_

_9th Avenue_____. I am eighteen (18) years of age or older. I am duly

registered to vote in the State of New York and was eligible to vote in the general

election held on November 6, 2007 for Mayor of the City of Mount Vernon, New York. I

submit this affidavit in support of plaintiffs' motion herein. I support plaintiffs' request

for an injunction pending a determination of this action for the reasons set forth below.

2.    I was aware of the raid that the F. B. I. conducted on Mayor Ernie Davis' Mount Vernon City Hall offices on October 11, 2007. I was made aware of such a raid through extensive media coverage of the event. Prior to the aforesaid raid I intended and desired to vote for Ernie Davis for Mayor of Mount Vernon, N.Y. in the November 6, 2007 election. However, because of the extremely negative publicity and stigma associated with the aforesaid raid and its closeness in time to the November 6, 2007 election, I was intimidated from participating in said election. I believe that the F.B.I.'s action in conducting a raid of the Mount Vernon City Hall Offices so close in time to the election deprived me of an opportunity to freely, and without fear of intimidation, ridicule or scorn, exercise my right of franchise. My voting rights were denied, deprived and suppressed because of the aforesaid occurrence. .

3.    The aforesaid constituted a violation of election laws and my state and federal constitutional rights.

4.    I respectfully request that the plaintiff's motion to enjoin the defendants be granted..

Dated: New York, New York
       December     , 2007

Sworn to before me this      day of December, 2007

**DANIEL DeBENEDICTIS**
Commissioner of Deeds
In & For the City of Mount Vernon
Commission Expires December 31, 20___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ERNEST DAVIS, LISA COPELAND, RAYMOND
COPELAND JR.,RAY COPELAND SR., KOHAIN NATANY
A HALEVI,THOMAS L. TERRY, ELVIRA CASTILLO,
BARBARA PERRY, DOROTHY EDNA BRINGER,
VALERIE CAMPBELL, OSCAR DAVIS JR., MARLENE
PIEROT, ANGELO SQUITIERI, MARIA ELLIS, DAVIS
WILLIAMS, DARYL SELSY,

**AFFIDAVIT**

CV No.: 07-9897

Plaintiffs,

-against-

UNITED STATES JUSTICE DEPARTMENT, FEDERAL
BUREAU OF INVESTIGATION, UNITED STATES
ATTORNEY'S OFFICE, UNITED STATES ATTORNEYS
OFFICE OF THE SOUTHERN DISTRICT OF NEW YORK,
NEW YORK STATE BOARD OF ELECTIONS,
WESTCHESTER COUNTY BOARD OF ELECTIONS,
CLINTON YOUNG, JANET SNYDER, JOHN
DOE FEDERAL BUREAU OF INVESTIGATION AGENTS
1-10,

Defendants.

-------------------------------------------------------------------X

_Twanna Mullings_, being duly sworn avers under penalty of perjury as

follows:

1.      I am a resident of Mount Vernon, New York. My address is _10 N. 9th_

_Ave. Mt Vernon ny 10550 #3A_ I am eighteen (18) years of age or older. I am duly

registered to vote in the State of New York and was eligible to vote in the general

election held on November 6, 2007 for Mayor of the City of Mount Vernon, New York. I

submit this affidavit in support of plaintiffs' motion herein. I support plaintiffs' request

for an injunction pending a determination of this action for the reasons set forth below.

2.    I was aware of the raid that the F. B. I. conducted on Mayor Ernie Davis' Mount Vernon City Hall offices on October 11, 2007. I was made aware of such a raid through extensive media coverage of the event. Prior to the aforesaid raid I intended and desired to vote for Ernie Davis for Mayor of Mount Vernon, N.Y. in the November 6, 2007 election. However, because of the extremely negative publicity and stigma associated with the aforesaid raid and its closeness in time to the November 6, 2007 election, I was intimidated from participating in said election. I believe that the F.B.I.'s action in conducting a raid of the Mount Vernon City Hall Offices so close in time to the election deprived me of an opportunity to freely, and without fear of intimidation, ridicule or scorn, exercise my right of franchise. My voting rights were denied, deprived and suppressed because of the aforesaid occurrence. .

3.    The aforesaid constituted a violation of election laws and my state and federal constitutional rights.

4.    I respectfully request that the plaintiff's motion to enjoin the defendants be granted..

Dated: New York, New York
       December     , 2007

-----------------------------------------

Sworn to before me this  day of December, 2007
                                         26th

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ERNEST DAVIS, ~ ~ ~ ~ ~ , RAYMOND
COPELAND JR.,RAY COPELAND SR., KOHAIN NATANY    **AFFIDAVIT**
A HALEVI,THOMAS L. TERRY, ELVIRA CASTILLO,
BARBARA PERRY, DOROTHY EDNA BRINGER,
VALERIE CAMPBELL, OSCAR DAVIS JR., MARLENE
PIEROT, ANGELO SQUITIERI, MARIA ELLIS, DAVIS
WILLIAMS, DARYL SELSY,

                                                  CV No.: 07-9897

                                        Plaintiffs,


                    -against-

UNITED STATES JUSTICE DEPARTMENT, FEDERAL
BUREAU OF INVESTIGATION, UNITED STATES
ATTORNEY'S OFFICE, UNITED STATES ATTORNEYS
OFFICE OF THE SOUTHERN DISTRICT OF NEW YORK,
NEW YORK STATE BOARD OF ELECTIONS,
WESTCHESTER COUNTY BOARD OF ELECTIONS,
CLINTON YOUNG, JANET SNYDER, JOHN
DOE FEDERAL BUREAU OF INVESTIGATION AGENTS
1-10,

                                        Defendants.
-------------------------------------------------------------------X

_James Ramsey_, being duly sworn avers under penalty of perjury as
follows:

1.      I am a resident of Mount Vernon, New York. My address is _136 Vista Pl_
_Mount Vernon, NY 10553_ I am eighteen (18) years of age or older. I am duly

registered to vote in the State of New York and was eligible to vote in the general

election held on November 6, 2007 for Mayor of the City of Mount Vernon, New York. I

submit this affidavit in support of plaintiffs' motion herein. I support plaintiffs' request

for an injunction pending a determination of this action for the reasons set forth below.

2.      I was aware of the raid that the F. B. I. conducted on Mayor Ernie Davis' Mount Vernon City Hall offices on October 11, 2007. I was made aware of such a raid through extensive media coverage of the event. Prior to the aforesaid raid I intended and desired to vote for Ernie Davis for Mayor of Mount Vernon, N.Y. in the November 6, 2007 election. However, because of the extremely negative publicity and stigma associated with the aforesaid raid and its closeness in time to the November 6, 2007 election, I was intimidated from participating in said election. I believe that the F.B.I.'s action in conducting a raid of the Mount Vernon City Hall Offices so close in time to the election deprived me of an opportunity to freely, and without fear of intimidation, ridicule or scorn, exercise my right of franchise. My voting rights were denied, deprived and suppressed because of the aforesaid occurrence. .

3.      The aforesaid constituted a violation of election laws and my state and federal constitutional rights.

4.      I respectfully request that the plaintiff's motion to enjoin the defendants be granted..

Dated: New York, New York
        December        , 2007

Sworn to before me this    day of December, 2007

DANIEL DeBENEDICTIS
Commissioner of Deeds
In & For the City of Mount Vernon
Commission Expires December 31, 2__

D



*United States Attorney*
*Southern District of New York*

---

FOR IMMEDIATE RELEASE          CONTACT: <u>U.S. ATTORNEY'S OFFICE</u>
MAY 12, 2006                             HERBERT HADAD, MEGAN GAFFNEY,
                                         HEATHER TASKER, BRIDGET KELLY
                                         PUBLIC INFORMATION OFFICE
                                         (914) 993-1900,(212) 637-2600

                                         <u>FBI</u>
                                         CHRISTINE MONACO
                                         JAMES M. MARGOLIN
                                         (212) 384-2715, 2720


<u>UNITED STATES ATTORNEY, FBI ANNOUNCE</u>
<u>PUBLIC CORRUPTION INITIATIVE IN NORTHERN COUNTIES</u>


        MICHAEL J. GARCIA, the United States Attorney for the
Southern District of New York, and MARK J. MERSHON, the Assistant
Director in Charge of the FBI New York Field Office, announced
today that the federal government is stepping up efforts to
investigate and prosecute public corruption in Westchester,
Rockland, Putnam, Dutchess, Orange and Sullivan Counties.

        The initiative will include the commitment of
significant additional joint resources by the U.S. Attorney's
Office and the FBI, according to Mr. GARCIA and Mr. MERSHON.

        As part of the effort, they announced the creation of a
corruption hotline - 1-877-ENDGRAFT (1-877-363-4723)- through
which members of the public can call and report potential abuses
of the public trust by public officials.

        Mr. GARCIA stated: "By setting up this hotline, we seek
to encourage citizens to report abuses by public officials, with
the knowledge that we will take appropriate follow-up action.
The hotline is the latest example of the federal government's
commitment to a partnership with the public to expose corruption
at all levels of government."

        Mr. MERSHON stated: "Rooting out public corruption
remains a priority of the FBI nationally and in the New York
region, because it is fundamental to maintaining public
confidence in our elected and appointed officials.  Those who
govern in a democracy are supposed to act in the best interests
of the people, not engage in self-dealing motivated by self-

interest.  Most government officials conduct themselves with
honesty and integrity, as do most people, generally.  But we
would no sooner reduce our vigilance over public corruption than
a rational community would disband its police force."


        The six northern counties that are included within the
Southern District of New York cover approximately 3,500 square
miles and are home to more than 2 million people.  The six
counties also contain some 170 cities, towns and villages.

06-                        ###

E

## Moschella, William

| | |
|---|---|
| **From:** | Moschella, William |
| **Sent:** | Wednesday, October 06, 2004 7:54 PM |
| **To:** | Scottfinan, Nancy |
| **Cc:** | Roberts, Crystal |
| **Subject:** | RE: NM Election Fraud Task Force Action Since Sept 7 |

Let's talk tomorrow about this.

-----Original Message-----

| | |
|---|---|
| **From:** | Scottfinan, Nancy |
| **Sent:** | Wednesday, October 06, 2004 3:03 PM |
| **To:** | Moschella, William |
| **Cc:** | Roberts, Crystal |
| **Subject:** | FW: NM Election Fraud Task Force Action Since Sept 7 |
| **Importance:** | High |

Following my conference call with USA Iglesias, this is what we can say to Senator Bingaman's Chief of Staff—

- USA Inglesias set up his task force after he was contacted by the office of Bernalillo County Clerk Mary Herrera (D) who asked to meet about 3,000 suspicious registrations.

- He also received a letter from the sheriff about these registrations.

- His task force is a non-partisan state federal task force. They had one meeting in September to review calls made to a tip line. They had a second meeting today at which time he advised the task force that there would be no investigations or prosecutions in this time period prior to the election. This is by the book and in accordance with long-standing Department policy.

- Any action that he takes is coordinated with the Election Crimes Unit within the Public Integrity Section (Criminal Division).

Additional background is below

-----Original Message-----

| | |
|---|---|
| **From:** | Iglesias, David |
| **Sent:** | Monday, October 04, 2004 5:35 PM |
| **To:** | Scottfinan, Nancy |
| **Subject:** | NM Election Fraud Task Force Action Since Sept 7 |
| **Importance:** | High |

Here's what the NM Election Fraud Task Force (EFTF) has done since its inception on SEP 7, 2004. We have had one meeting to review calls made to the EFTF tip line. Those present included the FBI SAC, Andreas Steffans, EAUSA Rumaldo Armijo, AUSA Virgil Lewis, SA Mark Humphries, NM DPS Deputy (?) Chief Rich Newman, myself, Craig Donsanto (via phone conference) of the Public Integrity Section, DoJ, and Larry McDonald, Dept of Veterans Affairs, OIG, also via phone conference.

There have been no press releases or press conferences held by me or my office since before the SEP 7 establishment of the EFTF. I declined to be interviewed by CNN and delegated a Washington Post reporter inquiry to my press officer, AUSA Norm Cairns. There have been no other press inquires since the Washington Post story of a week or two ago.

There will be another meeting of the EFTF on WED, OCT 6. Craig Donsanto has not authorized the FBI to open any case. Donsanto has, however, authorized 2 investigations to be opened--

DAG000002328

The EFTF is concerned with only criminal law violations.

The federal members of the EFTF should be aware of the DoJ policy of not attempting to influence the outcome of an election through investigation or prosecution. I am not aware of any prosecution which will commence before November 2, 2004. I know Donsanto would not authorize such action because he has stated the same.

Let me know if you need any other information.

David

-----Original Message-----
From:      Scottfinan, Nancy
Sent:      Monday, October 04, 2004 11:48 AM
To:        Iglesias, David
Cc:        Shackelford, Kelly
Subject:   Please give me a

call about your election activities.  We have again heard from Senator Bingaman's office.  202-514-3752.  Thanks.

| Tracking: | Recipient | Read |
|-----------|-----------|------|
|           | Scottfinan, Nancy | Read: 10/6/2004 8:52 PM |
|           | Roberts, Crystal | Read: 10/6/2004 8:16 PM |

2

DAG000002329

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X
ERNEST DAVIS, LISA COPELAND, RAYMOND
COPELAND JR.,RAY COPELAND SR., KOHAIN NATANY
A HALEVI,THOMAS L. TERRY, ELVIRA CASTILLO,
BARBARA PERRY, DOROTHY EDNA BRINGER,
VALERIE CAMPBELL, OSCAR DAVIS JR., MARLENE
PIEROT, ANGELO SQUITIERI, MARIA ELLIS, DAVIS
WILLIAMS, DARYL SELSY,

**ORDER TO SHOW
CAUSE FOR A
PRELIMINARY
INJUNCTION**

**CV No.: 07-9897**

Plaintiffs,

-against-

UNITED STATES JUSTICE DEPARTMENT, FEDERAL
BUREAU OF INVESTIGATION, UNITED STATES
ATTORNEY'S OFFICE, UNITED STATES ATTORNEYS
OFFICE OF THE SOUTHERN DISTRICT OF NEW YORK,
NEW YORK STATE BOARD OF ELECTIONS,
WESTCHESTER COUNTY BOARD OF ELECTIONS,
CLINTON YOUNG, JANET SNYDER, JOHN
DOE FEDERAL BUREAU OF INVESTIGATION AGENTS
1-10,

Defendants.
--------------------------------------------------------------------------X

**Stephen C. Jackson, Esq.**

*Attorney for Plaintiffs*
*Empire State Building*
*350 Fifth Avenue, Suite 2310*
**New York, NY 10118**
**Telephone: (212) 643-2394**
**Facsimile: (212) 239-6900**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————X

ERNEST DAVIS, LISA COPELAND, RAYMOND
COPELAND JR.,RAY COPELAND SR., KOHAIN NATANY
A HALEVI,THOMAS L. TERRY, ELVIRA CASTILLO,
BARBARA PERRY, DOROTHY EDNA BRINGER,
VALERIE CAMPBELL, OSCAR DAVIS JR., MARLENE
PIEROT, ANGELO SQUITIERI, MARIA ELLIS, DAVIS
WILLIAMS, DARYL SELSY,

                                       **MEMORANDUM**
                                       **OF LAW**

                                  **CV No.: 07-9897**

                         Plaintiffs,


             -against-

UNITED STATES JUSTICE DEPARTMENT, FEDERAL
BUREAU OF INVESTIGATION, UNITED STATES
ATTORNEY'S OFFICE, UNITED STATES ATTORNEYS
OFFICE OF THE SOUTHERN DISTRICT OF NEW YORK,
NEW YORK STATE BOARD OF ELECTIONS,
WESTCHESTER COUNTY BOARD OF ELECTIONS,
CLINTON YOUNG, JANET SNYDER, JOHN
DOE FEDERAL BUREAU OF INVESTIGATION AGENTS
1-10,

                         Defendants.
————————————————————————X



# PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF AN APPLICATION FOR A PRELIMINARY INJUNCTION

DEC 2 2007

2

<u>Preliminary Statement</u>

Plaintiffs seek to enjoin the defendants from certifying, validating and implementing the results of the November 6, 2007 Mount Vernon, New York, Mayoral election results because defendants violated Section 2 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973 ("Section 2"). Defendants actions in conducting a highly publicized and visible unwarranted raid on the African American incumbent candidates' offices within approximately three weeks of the aforesaid election unlawfully diluted, denied, discouraged and intimidated Mount Vernon African American registered voters.

Plaintiffs' are substantially likely to succeed on its claim that under the totality of circumstances, defendants' action discriminated against Mount Vernon African American voters. Section 2 prohibits the implementation of "any standard, practice, or procedure" which "results in a denial or abridgement of the right of any citizen of the United States to vote on account of race or color" or membership in a language minority group. Id. § 1973(a).

Plaintiffs' Complaint alleges that the aforesaid action of defendants' violates Section 2 of the Voting Rights Act because it dilutes the votes of Mount Vernon African American citizens. Plaintiffs can show that Mount Vernon African American citizens were in sufficiently large numbers intimidated from participating in the general election because of the highly publicized media reports of the unwarranted pre election raid. In the context of a history of official discrimination against African Americans, racially denying voter participation, the reckless avail of negative attention grabbing tactics that enhance voter suppression and dilution violates the Voting Rights Act.

3

Without a preliminary injunction enjoining defendants from installing I n office defendant Young African American voters will be irreparably harmed, and denied an equal voice in the government of their community. Failure to enter a preliminary injunction would also irreparably harm the government's interest in ensuring fair elections. These substantial interests outweigh whatever interest defendants might have in proceeding under circumstances contrary to federal law.

## Statement of Facts

On May 12, 2006 defendant U.S Attorney's Office issued a press release announcing that they would begin investigation certain political office holders in the New York area for supposed corruption activities. (Ex. D) Almost a year and a half later, on October 11, 2007, and approximately three weeks prior to the November 6, 2007 general election, agents for defendant FBI, under the guise of investigating alleged improprieties in city trash-hauling contracts, engaged in a highly publicized raid of African American incumbent Mayor Ernie Davis' City Hall offices in Mount Vernon, New York.

The FBI, under the direction of defendant U. S. Attorney's Office, stormed into the hall offices and rifled through file cabinets and other receptacles. They proceeded to remove several boxes of items purportedly confiscated in the raid in view of television news cameras of media outlets who were notified by defendants.

Even though defendants had ample time prior to the election to carry out such an

4

investigation they chose to wait until three weeks before it . Defendants knew that such

action occurring on a date in close proximity to the November 6, 2007 general election in

which the incumbent African American was a candidate for reelection would intimidate

and dissuade voters from supporting the his candidacy. Such action by defendant

Department of Justice is contrary to their expressed policy. ( Ex. E) A significant number

of African American voters were in fact intimated and dissuade from exercising their

right of franchise. Consequently, the African American vote in said election was

suppressed and inhibited.

Defendants knew that such a raid on city hall offices would attract significant

media coverage and the attention of the public and would intimidate, unduly influence

and dissuade voters from supporting the candidacy of the incumbent. There were no

emergency or exigent circumstances supporting defendants' decision to raid Mayor

Davis' offices only three weeks preceding the aforesaid election.

The aforesaid action by defendants was the result of a politically and racially

motivated scheme to undermine the candidacy of an African American incumbent

Mayor with a long record of service. More importantly, defendants sought to intimate,

suppress, negate, dilute and otherwise unlawfully effect the right of franchise of plaintiffs

and other African American voters. Defendants did not subject white public officials

seeking election to public office to the to such specious ill-timed and unwarranted action

nor did they subject white voters to such tactics that intimidated, suppressed, negated and

diluted their votes  Defendants actions in fact caused the suppression of votes in the

November 6, 2007 general election.

5

ARGUMENT

DEFENDANTS SHOULD BE ENJOINED FROM INSTALLING CLINTON YOUNG IN OFFICE OF MAYOR OF MOUNT VERNON NEW YORK AND FROM CONDUCTING THE JANUARY 1, 2008 AUGURATION BECAUSE DEFENDANTS' SCHEDULING AND CARRYING OUT OF A HIGHLY VISABLE AND UNWARRANTED RAID ON THE AFRICAN AMERICAN INCUMBENT'S OFFICES PRECEDING THE NOVEMBER 7, 2007 ELECTION VIOLATED SECTION 2 OF THE VOTING RIGHTS ACT OF 1965 AS WELL AS 42 U.S.C. SECTION 1983

A preliminary injunction may be issued when the party seeking the injunction establishes "irreparable harm absent injunctive relief, and either a likelihood of success on the merits, or a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping decidedly in plaintiff's favor." Louis Vuitton Malletier v. Dooney & Bourke, Inc., 454 F.3d 108, 113-14 (2d Cir. 2006) (citing Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc., 596 F.2d 70, 72 (2d Cir. 1979)). Seeking a preliminary injunction is particularly appropriate here, as the law requires that voting rights cases "be in every way expedited." 42 U.S.C. § 1971g.

A. Violation of the Right to Vote Constitutes Irreparable Harm

There is no question that violation of the right to vote constitutes irreparable harm. The "right to vote freely for the candidate of one's choice is of the essence of a democratic society, and any restrictions on that right strike at the heart of representative government." Reynolds v. Sims, 377 U.S. 533, 555 (1964). Consequently, "[t]he deprivation or dilution of voting rights constitutes irreparable harm." Coleman v. Board

6

of Educ. of the City of Mount Vernon, 990 F.Supp. 221, 226 (S.D.N.Y. 1997); see also Puerto Rican Legal Defense & Educ. Fund, Inc. v. City of New York, 769 F. Supp. 74, 79 (E.D.N.Y. 1991) ("[I]t is well-settled that the claimed deprivation of a constitutional right such as the right to a meaningful vote or to the full and effective participation in the political process is in and of itself irreparable harm."). To permit the January 1, 2008 Mayoral inauguration to proceed "in a manner that will violate the Voting Rights Act constitutes irreparable harm to voters." United States v. Berks County, 250 F. Supp. 2d 525, 540 (E.D. Pa. 2003) (granting preliminary injunction to prevent violations of sections 2, 4(e), and 208).

In any event, the plaintiffs need not demonstrate irreparable harm, because irreparable harm is presumed. "[W]here Congress has provided for Governmental Enforcement of a statute by way of an injunction, the courts have consistently held that irreparable harm need not be demonstrated." United States v. William Savran & Assoc., Inc., 755 F. Supp. 1165, 1179 (E.D.N.Y. 1991); see SEC v. Management Dynamics, Inc., 515 F.2d 801, 808-09 (2d Cir. 1975)(because SEC statute authorized injunctive relief, proof of irreparable injury is not required).

The Voting Rights Act specifically authorizes injunctive relief. See 42 U.S.C. § 1973j(d); Berks County, 277 F. Supp. 2d at 578 (finding that United States need not show irreparable injury because Section 2 of the Voting Rights Act authorized injunctive relief).

Accordingly, this Court should presume that both the voters and the plaintiffs would suffer irreparable injury were this application denied.

7

**B. Plaintiffs Are Substantially Likely to Succeed on the Merits of its Claims that Defendants Action Violates Section 2 of the Voting Rights Act and 42 U.S.C. section 1983**

To issue preliminary injunctive relief, "a district court need not find that the evidence positively guarantees a final verdict" in favor of the movant. Levi Strauss & Co., 51 F.3d at 985. Plaintiffs need only demonstrate a likelihood of success on the merits.

The right to vote is a "fundamental political right." Yick Wo v. Hopkins 118 U.S. 356, 370 (1886). This right is "denied by a debasement or dilution of the weight of a citizens vote just as effectively as by wholly prohibiting the free exercise of the franchise." Reynolds v. Sims, 377 U.S. 533, 554 (1964). As the Supreme Court in Reynolds noted, "The conception of political equality ... can mean only one thing - one-person, one-vote. The idea that every voter is equal to every other voter in his State, when he casts his ballot in favor of one of several competing candidates, underlies many of our decisions." Id. at 557-58 (internal citations omitted).

The aforementioned scheme to intimidate and discourage voters from participating at the polls is plainly impermissible under the Due Process and Equal Protection Clauses, as well as the Voting Rights Act of 1965. Voting is a fundamental right that cannot be subject to arbitrary or inconsistent treatment. See, e.g., Harper v. Virginia, 383 U.S. 663 (1966); Reynolds v. Sims, 379 U.S. 870 (1964)

**C. The Injuries to Plaintiffs are Irreparable and Cannot Be Made Whole by Money Damages.**

8

. The plaintiffs would suffer the dilution/deprivation of their First Amendment rights under the constitution of the United States of America and the Voting Rights Act for votes cast and not cast in the November 6, 2007 election for Mayor of Mount Vernon, New York. Moreover, the action of the defendants undermined the integrity of the November 6, 2007 election for mayor. Certainly, there are compelling reasons to address complaints of disenfranchisement immediately, and with the utmost gravity: The United States has a long and well-documented history of discrimination against African American voters. When all of the foregoing are taken together, the allegations of collusion, exclusion and intimidation, specious criminal investigations and investigative reports in the press have thus far uncovered show a clear pattern of disenfranchisement of large numbers of African American voters in Mount Vernon.

## D. The Balance of Hardships Favors Plaintiffs.

The balance of hardships also favors granting the requested relief. For the reasons stated, the plaintiffs will suffer irreparable injury if the defendants are permitted to proceed with the January 1, 2008 inauguration predicated upon an unconstitutionally tainted election. A temporary restraining order will merely preserve the status quo until the Court can determine the constitutionality of the defendants' actions. If, as we allege, the defendants specious investigative scheme is unconstitutional, they cannot be harmed by the avoidance of this constitutional injury. See Coalition for Economic Equity v. Wilson, 122 F.3d 692 (9th Cir.), cert. denied, 522 U.S. 963 (1997).

## E. The Public Interest Will Be Served by Granting the Requested Relief

9

Plaintiffs seek a temporary restraining order to prevent defendant from taking the final fatal step in a course of action that is violative of 42 U.S.C. § 1983 as well as the Voting Rights Act of 1965. The fundamental purpose of Section 1983 is to protect the civil rights of the citizens of the United States. Mitchum v. Foster, 407 U.S. 225, 243 (1972); Owen v. City of Independence, 445 U.S. 622, 636 (1980). Accordingly, the federal courts have been authorized by Congress to effectuate this fundamental purpose by awarding injunctive relief against violations of Section 1983 and the Voting Rights Act. This Court's grant of a temporary restraining order against defendants would thus be consistent with and further the public interest in enforcing the federal civil rights laws.

F. Adequate Notice Has Been Given.

The specific facts set forth in the Plaintiffs' verified pleadings show that the Plaintiffs will suffer immediate and irreparable injury if the January 1, 2008 inauguration for the office of Mayor of Mount Vernon, New York is allowed to occur. In an abundance of caution, undersigned counsel has attempted to give both telephone and written notice (by facsimile) to the defendants. In the event the defendants or their attorneys cannot be heard in opposition at the emergency hearing on the Plaintiffs' Motion for Temporary Restraining Order, then, for the reasons set forth above, this Court should enter a temporary restraining order without notice. Rule 65(b) provides that a temporary restraining order may be granted under these circumstances without written or oral notice to the adverse party or that party's attorney.

CONCLUSION

10

For the foregoing reasons, Plaintiffs respectfully request that this Court, pursuant to Rule 65, issue a temporary restraining order or, in the alternative, a preliminary injunction prohibiting and enjoining defendants from proceeding with the Mount Vernon, New York Mayoral inauguration scheduled for January 1, 2007 and from installing defendant Clinton Young into the office of mayor of Mount Vernon, New York.

Respectfully submitted,

Stephen C. Jackson
Attorney for Plaintiffs
350 Fifth Avenue, Suite 310
New York, New York 10118
(212) 643-2394

By: _____
      Stephen C. Jackson