UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x          ECF CASE
ERNEST DAVIS, et al.,                                    :

                Plaintiffs,                    :          07 Civ. 9897 (CLB)

                          :

          - against -                            :

UNITED STATES JUSTICE
DEPARTMENT, et al.,                                    :

                Defendants.                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE FEDERAL DEFENDANTS' MOTION TO DISMISS THE COMPLAINT


                                  **MICHAEL J. GARCIA**
                                  **United States Attorney for the**
                                  **Southern District of New York**
                                  **86 Chambers Street -- 3rd Floor**
                                  **New York, New York  10007**
                                  **Telephone:  (212) 637-2691**
                                  **Facsimile:    (212) 637-2786**


**ROSS E. MORRISON**
**Assistant United States Attorney**
        **-Of Counsel-**

# TABLE OF CONTENTS

Page

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

PLAINTIFFS' CLAIMS AGAINST THE FEDERAL DEFENDANTS
SHOULD BE DISMISSED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.    Plaintiffs Concede That They Cannot Maintain Any Claims Against the Federal
        Defendants . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    B.    Plaintiffs' Purported Claim under the Federal Tort Claims Act Should Be
        Dismissed. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

_____Defendants United States Department of Justice, Federal Bureau of Investigation ("FBI") and the United States Attorney's Office for the Southern District of New York (collectively, the "federal defendants") respectfully submit this reply memorandum of law in further support of their motion to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

**ARGUMENT**

**PLAINTIFFS' CLAIMS AGAINST THE FEDERAL DEFENDANTS
SHOULD BE DISMISSED**

**A.    Plaintiffs Concede That They Cannot Maintain Any Claims Against the
Federal Defendants**

The federal defendants demonstrated in their moving papers that plaintiffs, who allegedly are African-American registered voters in the city of Mount Vernon, New York, could not maintain any of their claims against the federal defendants.[1]  Specifically, the federal defendants demonstrated that well-established principles of sovereign immunity bar plaintiffs' claims that the federal defendants timed the FBI's search of Mount Vernon City Hall -- which was part of a lawful investigation into contracts between Mount Vernon and certain waste-hauling companies[2] -- in order to intimidate large numbers of African-American voters in Mount

_____

[1]  As of May 1, 2008, at least five plaintiffs have withdrawn from this action, and at least three of them have stated in letters to the Court that they had never consented to be named as a plaintiff.  (See Letter dated March 25, 2008 from plaintiff Barbara Perry to the Court (stating that "I did not know that my name had been used as a plaintiff until a friend called me and informed me . . ."); Letter, dated March 21, 2008 from plaintiff Valerie Campbell to the Court (stating that "my permission was not obtained to be on such lawsuit."); Letter, dated January 6, 2008, from plaintiff Edna Bringer to the Court (stating that she "did not consent and/or agree to be included in this court action"); see also Def. Moving Mem. of Law, p. 5 n.4 (listing other plaintiffs who have asked the Court to remove their names from this action)).

[2]  Indeed, on or about March 19, 2008, an indictment was unsealed charging two individuals affiliated with a Westchester carting company with mail fraud and conspiracy for

(continued...)

Vernon from voting for plaintiff Ernest Davis (an African-American) in the November 2007

Mount Vernon mayoral election, thereby causing Davis to lose the election to defendant Clinton

Young (also an African-American) and allegedly diluting the effectiveness of the votes plaintiffs

cast for Davis.  Because none of the federal statutes and constitutional provisions cited by

plaintiffs in the Amended Complaint (i.e., the Voting Rights Act of 1965, 42 U.S.C. § 1973; 42

U.S.C. §§ 1983, 1985 and 1988; and the First, Fourth, Fifth and Fourteenth Amendments to the

United States Constitution, see Morrison Decl., Exh. B at ¶ 1), waive the Government's

sovereign immunity, that doctrine therefore bars all of plaintiffs' claims against the federal

defendants.  (See Def. Mem. of Law, pp. 9-13).  Moreover, the federal defendants further

demonstrated that principles of constitutional standing also independently bar plaintiffs' claims,

(id., pp. 13-22), and that plaintiffs did not state claims for selective prosecution and defamation

(Def. Mem. of Law, pp. 22-24).

   In their opposition papers, plaintiffs do not even mention, let alone dispute, any of

these legal principles and authorities.  Plaintiffs have thus conceded that they may not maintain

any claims against the federal defendants, and all of those claims -- as well as any claims against

the John Doe FBI agent defendants in their official capacities, because such claims are

"essentially . . . against the United States," Robinson v. Overseas Military Sales Corp., 21 F.3d

502, 510 (2d Cir. 1994) -- should therefore be dismissed on these bases.

---

[2](...continued)
overbilling Mount Vernon by at least an estimated $1.25 million for the removal of construction
debris and tree waste from Mount Vernon city property.  See 08 Cr. 0236 (SCR) (S.D.N.Y.).

**B.     Plaintiffs' Purported Claim Under the Federal Tort Claims Act Should be Dismissed**

In their opposition memorandum of law, plaintiffs purport to raise a claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680 ("FTCA") -- a claim which is nowhere mentioned in the Amended Complaint.  Plaintiffs' attempt to assert an FTCA claim for the first time in an opposition memorandum of law is both improper, see Gamble v. Chertoff, No. 04 Civ. 9410 (WHP),  2006 WL 3794290, *4 (S.D.N.Y. Dec. 27, 2006) ("It is well settled that parties may not raise claims for the first time in opposition to summary judgment.") (citations omitted), and meritless.  Among other reasons, plaintiffs cannot maintain an FTCA claim because they did not comply with the FTCA's administrative exhaustion requirement prior to commencing suit in this Court.

The "FTCA is the exclusive remedy for tort actions against the United States." Djordjevic v. Postmaster Gen., U.S. Postal Serv., 911 F. Supp. 72, 74-75 (E.D.N.Y. 1995); see also Maher v. Runyon, No. 94 Civ. 5052 (MGC), 1996 WL 32154, at *5 (S.D.N.Y. Jan. 24, 1996).[3]  Specifically, the FTCA provides that the district courts shall have exclusive jurisdiction over

> claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his

---

[3]     To the extent plaintiff purports to assert an FTCA claim, that claim may only be asserted, if at all, against the United States.  The FTCA immunizes federal employees from all liability for any negligent or wrongful acts committed within the scope of their employment.  See 28 U.S.C. § 2679(b)(1); Federal Employees Liability Reform and Tort Compensation Act of 1988, Pub. L. No. 100-694, § 2(b), 102 Stat. 4563, 4564 (1988) (noting that purpose of the Act is to protect federal employees from personal liability for state law torts committed within scope of their employment); see also Rivera v. United States, 928 F.2d 592, 608 (2d Cir. 1991) (the FTCA "provides government employees with immunity against claims of common-law tort").

office or employment, under circumstances where the United States, if a private
person, would be liable to the claimant in accordance with the law of the place
where the act or omission occurred.

28 U.S.C. § 1346(b)(1).  However, in order to maintain an FTCA claim, the "burden is on the

plaintiff to both plead and prove compliance with the [FTCA's] statutory requirements."

Garland-Sash v. Lewis, No. 05 Civ. 6827 (WHP), 2007 WL 935013, at *5 (S.D.N.Y. Mar. 26,

2007); see also Blockbuster, Inc. v. Galeno,  472 F.3d 53, 57 (2d Cir. 2006) ("It is well-settled

that the party asserting federal jurisdiction bears the burden of establishing jurisdiction.").  As a

statute waiving sovereign immunity under certain circumstances, "[a]ny limitations imposed by

[the FTCA], whether they be substantive, procedural, or temporal, are to be strictly applied

against the claimant."   Millares Guiraldes de Tineo v. United States, 137 F.3d 715, 719 (2d Cir.

1998).  Because the FTCA's requirements are jurisdictional, see Makarova v. United States, 201

F.3d 110, 113 (2d Cir. 2000), the Court is not limited to plaintiffs' allegations but "may consider

materials extrinsic to the complaint," Phifer v. City of New York, 289 F.3d 49, 55 (2d Cir. 2002).

In particular, the FTCA requires that an administrative tort claim be presented to

the relevant agency for potential settlement prior to commencement of an FTCA lawsuit:

An action shall not be instituted upon a claim against the United States for money
damages for injury or loss of property or personal injury or death caused by the negligent
or wrongful act or omission of any employee of the Government while acting within the
scope of his office or employment, unless the claimant shall have first presented the claim
to the appropriate Federal agency and his claim shall have been finally denied by the
agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a) (emphasis added); see also Celestine v. Mount Vernon Neighborhood

Health Ctr., 403 F.3d 76, 82 (2d Cir. 2005) ("The FTCA requires that a claimant exhaust all

administrative remedies before filing a complaint in federal district court. This requirement is

jurisdictional . . . .").  "If the claimant does not comply with [this] presentment requirement of

the FTCA, then the district court does not have subject matter jurisdiction over the claim because

the government has waived its sovereign immunity only to the extent that the requirements of the

FTCA have been met."  Sorge v. United States, No. 95 Civ. 5325 (RO), 1997 WL 603451, at *2

(S.D.N.Y. Sept. 30, 1997); see Johnson v. Smithsonian Inst., 189 F.3d 180, 189 (2d Cir. 1999)

(same).

        Here, plaintiffs contend that the allegations in the Amended Complaint "establish

claims" under the FTCA.  (See Pl. Mem. of Law, Pt. II).  However, plaintiffs do not allege in the

Amended Complaint, or anywhere else, that they presented an administrative claim to the FBI or

any federal agency with respect to their purported FTCA claims.  (See Morrison Decl., Ex. B).

Nor could they: plaintiffs have not filed an administrative claim with the FBI.  (See Declaration

of Michael Bookstein, dated May 1, 2008, ¶¶ 3-4).  Accordingly, because plaintiffs failed to

exhaust their administrative remedies under the FTCA, any purported claim under that statute

must be dismissed for lack of subject matter jurisdiction.  See Celestine, 403 F.3d at 84.[4]

---

    [4]  In their opposition memorandum, plaintiffs attempt to recharacterize their Amended
Complaint to assert primarily claims under Bivens v. Six Unknown Agents of Federal Bureau of
Narcotics, 403 U.S. 388, 390-97 (1971).  (See Pl. Mem. of Law, Pt. A).  Such claims can be
asserted, if at all, only against the defendant John Doe FBI agents in their individual capacities.
Because plaintiffs have only now clarified that they are attempting to assert Bivens claims, and
because plaintiffs have failed to serve the complaint on any of the John Doe FBI agents or
identify them or their purported actions with sufficient specificity, (see Morrison Decl., Exh B at
¶ 5), the Department of Justice does not currently represent them at this time, but is in the process
of attempting to identify these defendants and ascertain whether they seek representation, and if
so, whether representation will be approved.  If representation is approved, this Office will move
forthwith on their behalf to dismiss plaintiffs' Bivens claims, all of which are meritless and
cannot be maintained.  (See Def. Mem. of Law, pp. 24-25).

    In addition, in their opposition papers plaintiffs do not address, let alone assert any basis
(continued...)

**CONCLUSION**

For the foregoing reasons, and the reasons set forth in the federal defendants' moving papers, the federal defendants respectfully request that the Court grant their motion to dismiss, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
     May 1, 2008

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for the Federal Defendants

By:    /s/ Ross E. Morrison       
ROSS E. MORRISON
Assistant United States Attorney
86 Chambers Street -- 3rd Floor
New York, New York 10007
Telephone: (212) 637-2691
Facsimile: (212) 637-2786
E-mail: ross.morrison@usdoj.gov

---

[4](...continued)
for, their application for a preliminary injunction.  The Court should therefore deny that application.  (See Def. Mem. of Law, pp. 28-31).